## HUNTING & WATERMAN v. CURTIS.

1. WHO MAY COMMENCE AN ACTION. Under the *ad quod damnum* act of this State, (chapter 92, session of 1854–5) an action can be commenced and prosecuted by the mill owner alone. The land owner injured by the erection of a dam is left to his common law remedy or to a proceeding in equity.

2. WHO MAY DISMISS AN ACTION. The mill owner after commencing a proceeding under the act, may discontinue it without the consent of

the land owner. *The Burlington & Missouri River Rail Road Co.* v. *Sater*, 1 Iowa 421.

## *Appeal from Jackson District Court.*

### TUESDAY, DECEMBER 13.

AD QUOD DAMNUM, the plaintiffs applying for authority to overflow the defendant's lands for mill purposes. Upon the return of the jury, awarding defendant damages, plaintiffs proposed and moved to dismiss and withdraw their application, for the reason among others, that they did not desire to overflow the lands named, and withdraw all claim under their said application. This motion was overruled, and an order entered that plaintiffs upon paying the sum assessed (naming it) have leave, &c. Plaintiffs appeal.

*B. W. Poor* for the appellant, argued that the *ad quod damnum* act of this State gives to mill owners *alone* the right to institute proceedings under it, in which particular it is substantially the same as the Virginia and Kentucky acts, and essentially different from the Massachusetts and Maine statutes, in support of which he cited App. to Ang. & A. on Water Courses; 11 Mass. 366; 17 Mass. 76; *Cave* v. *Calmus*, 3 A. K. Marsh. 31; 1 Leigh 1; *Hendricks* v. *Munson*, 6 Porter 502; section 4, chapter 31, Acts of 1853, *The Burlington & Missouri River Rail Road Co.* v. *Sater*, 1 Iowa 421.

*Spurr* and *Leffingwell* for the appellee.

WRIGHT, C. J.—The act under which these proceedings were commenced, unlike the statutes of some other states, gives the *mill owner* the right to the writ, but not the land *owner*. The latter is left to his common law remedy, or his remedy in equity if the party proposing to erect a dam for mill purposes or to increase its hight, fails to obtain the necessary authority, or to compensate for the damages sustained. After the mill owner institutes the proceeding, can

he abandon it? We think he may. The case of *The Burling-ton & Missouri River Rail Road Co.* v. *Sater*, 1 Iowa 421, we regard as direct authority for this view. The two cases are not unlike in principle.

Judgment reversed.