SOLOMON BERGMAN *vs.* ST. PAUL, STILLWATER & TAYLOR'S FALLS RAILROAD COMPANY.

May 14, 1875.

Condemnation of Land—Dismissal of Proceedings—Action of Land Owner to Recover his Expenses in opposing.—Under the provisions of ch. 34, Gen. Stat., defendant instituted proceedings to condemn plaintiff's land for the purposes of its road.   Both parties appealed from the award of commissioners to the district court for Ramsey county.   At the December term, the appeal was placed upon the calendar for trial, and the parties appeared by their attorneys; but during the term, defendant, with the permission of the court, (plaintiff objecting,) dismissed the proceedings for condemnation, and caused the dismissal to be entered of record.   All the proceedings (including the appeals) were duly had as provided by law.   *Held*, that the plaintiff cannot, upon this state of facts, maintain an action to recover for his labor, loss of time, and expenses in conducting and attending to the proceedings on his part.

Appeal by plaintiff from an order of the court of common pleas for Ramsey county, *Hall*, J., presiding, sustaining a demurrer to the complaint.

*I. V. D. Heard*, for appellant.

*E. C. Palmer*, for respondent.

BERRY, J.   Under the provisions of ch. 34, Gen. Stat., the defendant instituted proceedings to condemn plaintiff's land for the purposes of its road.   From the award made by commissioners, both parties appealed to the district court for Ramsey county.   At the December term, the appeal was placed upon the calendar for trial, and the parties appeared

by their attorneys ; but during the term, the defendant, with the permission of the court, (plaintiff objecting,) dismissed the proceedings for condemnation, and caused the dismissal to be entered of record. All the proceedings (including the appeal) were duly had as provided by law.

The plaintiff brings this action to recover for his labor, loss of time and expenses in conducting and attending to the proceedings on his part, including money paid for the services of his attorney, and for the fees of witnesses, and of the clerk of the court.

If the plaintiff is entitled to recover, it must be by virtue of some contract, express or implied, or of some positive rule of law conferring upon him a right of action, or upon the ground that defendant has been guilty of a tort. Certainly there is no contract here, nor is there any positive rule of law upon which plaintiff can base a right of action. Neither is there anything in the complaint tending to show any tortious or malicious conduct on the part of defendant. On the contrary, defendant's proceedings are expressly admitted to have been duly and regularly taken, as provided by law, and there is nothing whatever to raise a suspicion that defendant's motives or purposes in instituting, conducting or dismissing the proceedings, were not entirely proper. In other words, the complaint does not set up a cause of action in tort, nor assume to do so. Order sustaining demurrer to complaint affirmed.