## SHREVES v. LEONARD.

1. **Statute of Limitations**: ACTION TO RECOVER OVER-PAYMENT: FAILURE TO CREDIT PAYMENT.    Where a judgment plaintiff failed to credit a payment made on the judgment, and afterward collected the whole amount thereof on execution, it was held that an action to recover the amount overpaid was barred in five years from the date of the collection of the judgment, although the party making the payment had no knowledge that it had not been properly credited until after the expiration of that time.

*Appeal from Madison Circuit Court.*

SATURDAY, APRIL 23.

ACTION at law.    Judgment for the defendant, and plaintiff appeals.

*McCaughan & Dabney*, for appellant.

*John Leonard*, for appellee.

Shreves v. Leonard.

SEEVERS, J.—The material allegations in the petition in substance are: that in 1872 the defendant recovered a judg-ment against the plaintiff, and one Jones; that afterward, in 1873, the plaintiff paid the defend-ant about $105, with instructions to apply the same in part payment of said judgment, which the defendant failed to do, and in 1874 the amount of said judgment, without allowing any credit for the sum aforesaid, was collected on execution, but the same was not collected of the plaintiff or out of his property. "That the defendant by mistake and oversight neglected to credit said sum of $105 on the judgment aforesaid, * * and willfully and fraudulently, with intent to injure and wrong plaintiff, failed and refused to credit said sum of $105 upon * * said judgment, and kept concealed said fact from plaintiff till in the spring of 1879, when the facts first became known to plaintiff."

1. STATUTE OF limitations: action to recover over-payment: failure to credit payment.

This action was commenced in 1879 to recover the said sum of $105 and interest thereon. The defendant demurred to the petition on the ground the cause of action was barred by the statute of limitations. The demurrer was sustained.

I. It is provided by statute that actions "founded on un-written contracts, * * or for relief on the ground of fraud, in cases heretofore solely cognizable in a court of chancery * * are barred in five years," but if grounded on fraud the action "shall not be deemed to have accrued until the fraud * * * shall have been discovered by the party aggrieved." Code, §§ 2529, 2530.

It is not certain counsel for the appellant claim this case is within the statute, but conceding he does we think the action is barred, because it was not before the statute was enacted "solely cognizable in chancery." *Gebhard v. Sattler*, 40 Iowa, 152; *Brown v. Brown*, 44 Id., 349; *Phœnix Ins. Co. v. Dankwardt*, 47 Id., 432; *Higgins v. Mendenhall*, 51 Id., 135.

II. We think the action did not grow out of the fraud, but existed independent of it. For when the defendant failed to credit the amount paid, or at least when in 1874 he collected the whole amount of the judgment, a cause of action accrued to the plaintiff against the defendant for money had and received. The statute began to run at that time, and as more than five years had elapsed before the action was commenced, it is fully barred unless saved by the allegations of the petition.

Counsel for appellant insist the fraudulent concealment averred in the petition prevents the running of the statute until its discovery. The rule on this subject in *The District Township of Boomer v. French*, 40 Iowa, 601, is thus stated: "Where the party against whom a cause of action existed in favor of another, by fraud or actual fraudulent concealment prevented such other from obtaining knowledge thereof, the statute would only commence to run from the time the right of action was discovered, or might, by the use of diligence, have been discovered." In that case the fraud and fraudulent concealment consisted of "fictitious entries," and other representations whereby the defendant kept from "plaintiff's knowledge the fact of the receipt" of certain money received by the defendant as treasurer of the plaintiff. This case was followed in *Findley v. Stewart*, 46 Iowa, 655. In the last case the fraud consisted in the destruction of a deed, and the concealment of such fact. It will be observed that in both of these cases an affirmative act, fraudulent in character, was done and concealed, and on such acts the rule is based, as we understand. Suppose in the case just cited the defendant therein, instead of making fictitious entries and other representations, had kept silent, and failed to disclose the fact he had received a particular sum of money, it would not, we think, be claimed the statute did not commence to run from the time the money was received.

In the case at bar the defendant did not agree he would credit the money on the judgment, nor did the plaintiff in-

quire if he had done so. He failed to make the credit through "oversight and neglect." The plaintiff knew as well as the defendant the money had been paid; there could not, therefore, be any fraudulent concealment as to this. But it is said he fraudulently concealed the fact no credit had been given; that is, he kept silent and did not actively pursue the plaintiff and inform him that because of his neglect the plaintiff's cause of action had accrued against him. This he was not bound to do, and the demurrer was properly sustained.

AFFIRMED.