THE MAYOR AND CITY COUNCIL OF BALTIMORE *vs.*
SAMUEL BLACK and MARGARET BLACK, his Wife.

*Action against a Municipal Corporation for Damages occa-
sioned by delay in Opening a street—What constitutes such
a Delay as would create a Liability—How presumption of
Acquiescence by plaintiffs in the Delay must be rebutted—
Removal of the Presumption of plaintiffs' Acquiescence in
the delay—Circumstances under which an attempt to sell the
property, need not be made—Defective prayer—Questions of
Evidence.*

The owners of two lots of ground in the City of Baltimore, part of
which was required for the bed of Presstman street, which was
about to be opened under an Ordinance of the city, surrendered
the whole of said lots to the city in July, 1871, and the City Com-
missioners sold the parts thereof not included in the bed of the
proposed street in the month of August, 1871. Nothing further
was done by the city till the month of May, 1875, when the Ordi-
nance was repealed. In an action by the owners of the lots
brought against the city to recover damages, occasioned by the
delay in the work of condemning said street, it was HELD:

1st. That the remonstrance and complaint of the plaintiffs against
the delay, need not have been addressed to the Mayor and City
Council, nor were they required to make application to that body
to go on with the work, or to repeal the Ordinance, in order to
entitle them to recover.

2nd. That the presumption of acquiescence by the plaintiffs in the
delay, must be rebutted by proof of remonstrance or complaint
addressed by them to the proper authorities of the city.

3rd. That an application to the Mayor and City Council was not the
only mode by which this presumption might be rebutted, and the
city put in default.

4th. That the repeated remonstrances and applications made by the
plaintiffs to the City Commissioners, charged with the duty of

executing the Ordinance, and also to the City Solicitor, their official legal adviser, and to individual members of the City Council, proved in the case, were sufficient to remove the presumpiion of acquiescence in the delay, and to put the city in default.

The evidence showed that the plaintiffs did not attempt to sell the property between the dates of the passage of the Ordinance and of its repeal, although they wished to sell it, for the reason that the situation in which it had been placed rendered a sale impracticable. It was almost entirely vacant ground, available only for building purposes, and no one would be willing to buy or lease it, because if the opening of the street should be completed under the Ordinance, the parties who had purchased from the city would be entitled to claim it. HELD:

1st. That although any improvements made in the meantime would be appraised and paid for, it was obvious that no one would be willing to buy and improve under such circumstances.

2nd. That the fact that no attempt was made by the plaintiffs to sell, when such attempt would be futile, could not deprive them of the right to recover, or operate to impair their rights in any way.

There was no evidence that the rent of suburban property was affected by a general financial trouble. The evidence was that the rent of the mansion house on the property was greatly diminished, because it could not be rented for any time fixed, and that the vacant ground could not be leased for the same reason. HELD:

1st. That a prayer on the part of the defendant was bad, which sought to limit the measure of damages to the " loss of rent of the dwelling-house, caused by the default of the defendant, and not resulting from a general financial trouble affecting all suburban property."

2nd. That it was competent for the defendant to prove that the depreciation in the selling value of the property resulted from other causes besides the action of the city, such as from a general depreciation in the value of property caused by financial depression, and to ask an instruction that for such depreciation the plaintiffs could not recover.

3rd. That evidence of the rate at which the plaintiffs had disposed of a part of the property was admissible as tending to prove an element of damage caused by the default of the city.

4th. That an offer of the defendant to prove by the City Solicitor the legal difficulties in the way of executing the Ordinance was properly overruled and excluded.

APPEAL from the Superior Court of Baltimore City.

The case is sufficiently stated in the opinion of the Court, and in the report of the same case on a former appeal, 50 *Md.*, 235.

*First Exception.*—Stated in the opinion of the Court.

*Second Exception.*—Sufficiently stated in the opinion of the Court.

*Third Exception.*—The plaintiffs offered the two following prayers:

1. If the jury believe from the evidence, that the plaintiffs were the owners of the property described in the two deeds to the said Margaret C. Black, offered in evidence, that by the Ordinance of the Mayor and City Council of Baltimore, approved June 10, 1871, Presstman street was directed to be opened from Gilmor to Monroe street; that said street so directed to be opened, passed through said property of plaintiffs, as shown on the plat offered in evidence; that in pursuance of said Ordinance, the City Commissioners for Opening Streets of the defendant, caused to be published, the notices dated June 12th, 1871, offered in evidence; that on July 17th, 1871, the plaintiffs' executed and delivered to the defendant the two surrenders of that date, offered in evidence, and that the same were duly accepted by said defendant, and that subsequently thereto, the said defendant advertised for sale the said property of the plaintiffs in parcels, as stated in the advertisement offered in evidence, and actually sold the same at public auction, on the 8th day of August, 1871; that said Ordinance was repealed by Ordinance No. 95, approved on May 20th, 1875; that the said defendant, from the day of said sale, on the 8th day of August, 1871, to the date of the repeal of said Ordinance, on

May 20th, 1875, took no further steps towards the execution of the Ordinance first aforesaid, and that the said delay was unnecessary and negligent; and shall further find, that the said plaintiffs, during the period last aforesaid, frequently applied to and importuned the said Commissioners for Opening Streets of said defendant, who were charged with the execution of said Ordinance, to proceed with the opening of said street, in the years 1872, 1873, 1874 and 1875, and also applied to the City Solicitor, under whose advice the said Commissioners were acting, to urge the said Commissioners to proceed with the execution of said Ordinance, and to the member of the City Council of said defendant for the ward in which said property was situated, to assist in urging the said Commissioners to complete their work under said Ordinance, and did also bring suit against the said defendant, in the month of March, 1874, for the injury sustained by them by reason of the said delay on the part of the said defendant, and that said suit was *non prossed* after the repeal of the Ordinance aforesaid, and the present suit instituted subsequent to said repeal, then the plaintiffs are entitled to recover such damages as the jury may find from the evidence that the plaintiffs have sustained by reason of such delay.

2. If the jury, from all the evidence in the cause, find the facts stated in the first prayer of the plaintiffs, and also that the said delay, in executing the said Ordinance, was not unavoidable, then the plaintiffs are entitled to recover such damages as the jury may find from the said evidence, that the plaintiffs have sustained by reason of such delay.

And the defendant offered the four following prayers :

1. That the plaintiffs are not entitled to recover in this action, unless the jury shall find from the evidence in the case that the plaintiffs made remonstrance and complaint to the Mayor and City Council of Baltimore, the

defendant, against the delay on the part of the Commissioners for Opening Streets, or other officer or agent of the city, in the execution or the Ordinance for opening Presstman street, or that they made application to the City Council of Baltimore to go on with the work or to repeal the Ordinance.

2. That there is no evidence in the case of any act on the part of the plaintiffs to put the Mayor and City Council of Baltimore, the defendant, in default, from which culpable delay or negligence can be imputed to the city in the matter of opening Presstman street, under the Ordinance of June 10, 1871, given in evidence, and that this verdict must therefore be for the defendant.

3. That the plaintiffs are not entitled to recover as damages in this action for any depreciation in the selling value of their property described in the evidence, which the jury shall believe from the evidence took place between the date of the passage of the Ordinance for opening Presstman street (10th June, 1871,) and its repeal on the 20th May, 1875, unless the jury shall believe from the evidence that the plaintiffs did in fact attempt to make a sale or sales of their said property during said period which were defeated by the default of the defendant.

4. That if the jury shall find for the plaintiffs, they can only include in their verdict such loss of rents for the dwelling house on the property in question, and the other premises, as they shall believe from the evidence were directly caused by the default of the defendant, and not the result of a general financial trouble affecting all suburban property.

The Court, (GILMOR, J.) granted the plaintiffs' prayers, and rejected those of the defendant.

The defendant excepted, and the verdict and judgment being rendered against it, appealed.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY, and ROBINSON, J.

*James L. McLane, City Counsellor,* for the appellant.

*Orville Horwitz,* for the appellees.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted by the appellees in May 1877, to recover damages for injury done them by the alleged wrongful delay, default and negligence of the appellant in the matter of opening and condemning Presstman street. The case was before this Court on a former occasion, upon the plaintiffs' appeal, reported in 50 *Md.*, 235, where will be found a statement of the facts which gave rise to the suit. They need not be repeated here. On that appeal the judgment was reversed because of error in granting the prayer of the defendant, which denied to the plaintiffs the right to recover because " no assessment of damages or benefits had been made by the Commissioners, and the City had never taken actual possession of the plaintiffs' property."

In the case then before the Court the following propositions were decided:

1st. Where a property owner has suffered actual damage by the culpable or unreasonable delay of the City authorities in prosecuting a work of this kind, or in determining to abandon it, he is entitled to be indemnified for his loss, whether the delay complained of occurs before or after the assessment of damages and benefits has been completed.

2nd. The question whether such culpable or unreasonable delay has occurred, or in other words the question of negligence on the part of the defendant, is one for the jury to decide, under the instruction of the Court.

3rd. Where an Ordinance for condemning and opening a street has been passed, and remains unexecuted, or but partially carried into effect, and the property owner acquiesces in the delay, he cannot maintain an action for damages caused thereby. In order to entitle him to maintain an action against the City for alleged negligence in such case, he must prove that some action has been taken on his part, whereby the City has been put in default; such as a remonstrance, or application made to the proper City authorities to go on with the work or to repeal the Ordinance. In the absence of some action of this kind on the part of the property holder, the City authorities would be justified in concluding that no person is suffering loss or damage by the delay, and negligence cannot be imputed to the City.

4th. As to the measure of damages, the rule was declared that the plaintiffs can only recover for such special damages as they actually suffered from the default and negligence of the defendant.

Under this ruling the case has been again tried and a verdict and judgment recovered by the plaintiffs, from this judgment the present appeal has been taken.

Three bills of exception were taken by the appellant, two of them raising questions of evidence, and the third presenting for review the ruling by the Court below upon the prayers.

The prayers will first be considered. Of these two offered by the plaintiffs were granted, and those offered by the defendant, four in number, were refused.

In our opinion, the facts enumerated in the *first* prayer of the plaintiffs, if found by the jury, entitled them to the verdict. The prayer distinctly left to the jury to determine whether the delay complained of was unnecessary and negligent. The plaintiffs' second prayer also required the jury to find that the delay in executing the Ordinance was not unavoidable, and claimed to recover such damages

as the jury should find from the evidence, the plaintiffs sustained by reason of such delay.

These prayers seem to us to state the law correctly, and in accordance with the decision rendered on the former appeal.

The *first* and *second* prayers of the defendant rest upon the theory that the remonstrance and complaint by the plaintiffs ought to have been addressed to the Mayor and City Council, or that they ought to have mode application to that body to go on with the work, or to repeal the Ordinance; and that in the absence of proof of such remonstrance or application addressed to the Mayor and City Council, the plaintiffs are not entitled to recover.

This proposition is not in accordance with the rule announced in 50 *Md.* The principle upon which that decision rests, is, that in order to maintain a suit of this kind, the plaintiffs must show that they have not tacitly and voluntarily acquiesced in the delay. The presumption of such acquiescence on their part, must be rebutted by proof of remonstrance or complaint addressed by them to the proper authorities of the City. An application to the Mayor and City Council, is not the only mode by which the presumption may be rebutted, and the City put in default. The repeated remonstrances and applications made by the plaintiffs to the City Commissioners, charged with the duty of executing the Ordinance, and also to the City Solicitor, their official legal adviser, and to individual members of the City Council, proved in the case, and set out in the plaintiffs' prayer, were sufficient to remove the presumption of acquiescence in the delay, and put the City in default.

The defendant's third prayer was also properly refused. The evidence in the case is, that the plaintiffs did not attempt to sell the property during the period mentioned in the prayer, although they wished to sell it, for the reason that the situation in which it had been placed,

rendered a sale impracticable. It was almost entirely vacant ground, available only for building purposes, and no one would be willing to buy, or lease it for the purpose of improving it, because if the opening of the street should be completed under the Ordinance, the parties who had purchased from the City, would be entitled to claim it'; and although any improvements made in the meantime would be appraised and paid for, it is obvious that no one would be willing to buy and improve under such circumstances. The fact that no attempt was made by the plaintiffs to sell, when such an attempt would be futile, cannot deprive them of the right to recover, or operate to impair their rights in any manner.

The *fourth* prayer of the defendant sought to limit the measure of damages to the " loss of rent of the dwelling house caused by the default of the defendant, and not resulting from a general financial trouble affecting all suburban property."

The objection to this prayer stated in the appellees' brief is well taken.

" There was no evidence that the rent of suburban property was affected by a general financial trouble. The evidence was that the rent, of the mansion house was greatly diminished, because it could not be rented for any term fixed, and that the vacant ground could not be leased for the same reason."

The prayer was therefore properly refused.

We have next to consider the questions of evidence raised by the first and second bills of exception.

*First Exception.*—The witness Black having proved that the property had cost $30,000 in the early part of. 1871, proved that he still owned parts of the property, about 100 feet on Gilmor street, on which stands the old mansion, that he disposed of the residue, about 180 feet. The plaintiffs' counsel then asked the witness what he got for the 180 feet? the witness answered " that he built and

created ground rents of $80, and sold them at 9 per cent." To this question and the answer thereto, the defendant objected; but the Court overruled the objection, and the defendant excepted.

No point has been made on this bill of exception in the appellant's brief, and in our opinion there is no valid objection to the admissibility of the testimony. The evidence tended to prove an element of damage caused by the default of the City. It was competent for the defendant to prove that the depreciation in the selling value of the property resulted from other causes besides the action of the City, such as from a general depreciation in the value of property caused by financial depression, and to ask an instruction that for such depreciation the plaintiffs could not recover. No prayer or instruction of that kind was asked by the defendant.

We think there was no error in the ruling of the Court below, stated in the *second bill of exception.*

It was competent for the City Solicitor to testify to any pertinent facts within his knowledge, but his legal opinions were inadmissible. The offer of the defendant to prove by the witness, the legal difficulties in the way of executing the Ordinance, was properly overruled and excluded.

Finding no error in the rulings of the Court below, the judgment will be affirmed.

*Judgment affirmed.*