MINNEAPOLIS & NORTHWESTERN RAILROAD COMPANY *vs.* E. P. WOOD-
WORTH.

November 29, 1884.

**Eminent Domain—Appeal—Dismissal by Railroad Co.**—In proceedings
for the condemnation of land for railroad purposes, an award was made
by commissioners, from which the railroad company appealed to the dis-
trict court. The corporation, giving the security required by Gen. St.
1878, *c.* 34, § 24, took possession of the property as authorized by that sec-
tion. Afterwards the corporation entered a dismissal of its appeal, and
a judgment of dismissal was thereupon entered. *Held:* 1. The judg-
ment dismissing the appeal was a "final judgment" within the meaning
of Gen. St. 1878, *c.* 34, § 29, as amndeed in 1881, (chapter 57,) and the
corporation was required by that statute to pay the award within 60 days
thereafter.

**Same—Judgment for Land-owner for Interest on Award.**—2. The cor-
poration having failed to make such payment, the act of 1881 authorized
the entry of a judgment, upon motion of the land-owner, adjudging the
condemnation proceedings abandoned, and awarding damages to him,
computed upon the amount of the award, at the rate of 10 per cent. per
annum.

**Same — Attorney's Fees.**—3. The including of attorney's fees in such a
judgment was unauthorized.

Appeal by the railroad company from a judgment of the district
court for Hennepin county, *Young, J.,* presiding.

*Benton & Roberts,* for appellant.

*Wilson & Lawrence,* for respondent.

DICKINSON, J. In proceedings for the condemnation of land of the
respondent, Woodworth, for the purposes of the appellant, an award
of commissioners was filed May 24, 1881, assessing as compensation
to the respondent for the taking the sum of $875. The railroad com-
pany appealed from this award to the district court, but in Novem-
ber following, when the cause came on for trial, the appellant en-
tered a dismissal of its appeal. Thereupon, although not until De-
cember 10, 1883, a formal judgment of dismissal of the appeal was
entered. The award in favor of Woodworth was not paid or tendered

to him, and for that reason, upon motion of Woodworth and by order of the court, judgment was entered in May, 1884, adjudging the condemnation proceedings abandoned, and that Woodworth recover of the railroad company the amount of 10 per cent. per annum upon the award from the date of its filing to the time of the entry of judgment, and also the further sum of $50 as attorney's fees, with disbursements. From that judgment this appeal is taken. After the filing of the award of the commissioners, the railroad company, having executed a bond as required by Gen. St. 1878, c. 34, § 24, took and have ever since retained possession of the land.

The judgment appealed from was allowed and entered in pursuance of Gen. St. 1878, c. 34, § 29, as amended by Laws 1881, c. 57, which provides that, "if such award, when no appeal is taken, is not paid within sixty days after the filing of said award, or, in case an appeal is taken, within sixty days after the entry of final judgment, the proceedings shall be deemed to be abandoned by the party instituting the same, and the person in whose favor the award was made may have judgment entered against the corporation instituting the proceeding, for damages, to be computed upon the award at the rate of ten per cent. from the date of the filing the award to the date of entering judgment." The judgment is also claimed to have been authorized, as to the element of attorney's fees embraced in it, by the provisions of Gen. St. 1878, c. 34, § 31, which are as follows: "When such proceedings are discontinued by the corporation, or vacated or set aside by the judge or court, the owner of such property, or his heirs, assigns, or legal representatives, shall have the right to recover from the corporation initiating such condemnatory proceedings reasonable costs and expenses, including counsel fees, and, in addition thereto, where such lands have been taken possession of by the railroad company, as liquidated damages of such proceedings, a sum equal to and at the rate of seven per cent. per annum upon the value of said property from the date the railroad company took possession of said land until the discontinuance of said proceedings."

The appellant relies upon these three points: *First,* That the act of 1881, above recited, is not applicable to a case where the corporation has taken possession of the land as authorized by section 24

above referred to; *second*, that there has been no "final judgment," within the meaning of these words as used in the act of 1881; and, *third*, that the including of the counsel fees in the judgment was unauthorized.

1. We cannot construe the act of 1881 so as to exclude from its operation cases where the corporation has taken possession of the property, pursuant to the authority conferred by section 24, to prosecute the work of construction, notwithstanding the appeal from the award. The terms of the act are general, and suggest no such limited application. The fact that this measure of damages may be in a given case inadequate compensation for acts done upon the land in the work of construction, may be a reason to deter the land-owner from invoking this form of remedy; but that seems to be no sufficient reason, in view of the unqualified terms of the act, for declaring that the remedy was not intended to be open to the land-owner in such a case.

2. The judgment dismissing the appeal must be regarded as a "final judgment" in the condemnation proceedings as really as would have been a judgment for the recovery of the amount of the award made by the commissioners. It terminated the controversy as to the amount which the land-owner might recover for the taking of his land, and left the award of the commissioners effective, as a determination of that amount, as though no appeal had been taken. By the judgment of dismissal the obligation of the corporation to pay the award became fixed. This statute required the discharge of that obligation by payment within 60 days thereafter.

3. The act of 1881 authorized the entry of a judgment summarily and upon motion, but it did not authorize judgment to be thus entered for counsel fees incurred by the land-owner in the progress of the condemnation proceedings. Whether, notwithstanding the act of 1881, the land-owner might by action recover for such counsel fees by virtue of section 31, we need not now consider. It is enough to say that that section does not authorize the entry of a judgment summarily, and upon motion merely. The corporation has at least the right to contest in the ordinary course of legal proceeding any right of recovery which section 31 may be regarded as conferring.

The judgment must be modified by deducting the sum of $50 included therein as attorney's fees.

Ordered accordingly.