THE CHICAGO, ST. LOUIS AND WESTERN RAILROAD COMPANY

*v.*

WILLIAM B. GATES.

*Filed at Springfield March 23, 1887.*

1. AMENDMENT—*making new parties—at what stage of the proceedings.* It is the duty of courts to allow amendments in a proceeding to condemn land for a right of way, where that is necessary to bring all parties before the court who may have an interest in the premises sought to be taken.

2. But when the case is called for trial, the court will not delay the hearing for the purpose of bringing in other parties not shown to have any interest in

the premises. Amendments are not allowed, as a matter of course, on the eve of a trial, on the motion of a party, except for good cause shown.

3. EMINENT DOMAIN—*right of petitioner to dismiss proceeding.* The petitioner in a proceeding to condemn a strip of land for a railway track, even after possession wrongfully taken of the land, and after the filing of a cross-petition for damage to the part of the land not sought to be condemned, has the right to dismiss the proceeding, and it is error to deny this right.

4. SAME—*right to take possession pending proceeding to condemn.* A railway company has no right to the possession of land for its right of way until the damages for the taking have been assessed and paid, and if it takes possession before such assessment and payment, without the owner's consent, it is a trespasser, and the owner may bring ejectment or trespass, or both, and recover his property, and such damages as he may have sustained by the unlawful act.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. CHARLES W. NEEDHAM, and Mr. LOUIS MUNSON, for the appellant:

The statute (sec. 5 of the Eminent Domain act) gives the right to amend when necessary to a fair trial. *Kirkpatrick* v. *Cooper,* 77 Ill. 566; *Misch* v. *McAlpine,* 78 id. 507; *Drake* v. *Drake,* 83 id. 526; *Shufeldt* v. *Savings Bank,* 93 id. 597.

The party authorized to condemn is not compelled to institute proceedings, even when it has taken possession. *Smith* v. *Railroad Co.* 67 Ill. 191.

Like any suitor, a railroad company desiring to condemn land may begin its suit or not, at its pleasure, and, like any suitor, may dismiss its proceeding at any time before rights have vested thereunder. *Railroad Co.* v. *Barrows,* 24 Ill. 562; *Schreiber* v. *Railroad Co.* 115 id. 340; *Railroad Co.* v. *Nesbitt,* 10 How. 395; *Railroad Co.* v. *Lackland,* 25 Mo. 515; *In re Comrs. of Washington Park,* 56 N. Y. 144; *People ex rel.* v. *Common Council,* 78 id. 59; *In re Waverly Water Works,* 16 Hun, 59; *Railroad Co.* v. *Marshall,* 11 Ohio St. 497.

Filing a petition is not a taking of the land. *South Park* v. *Dunlevy,* 91 Ill. 49.

Under the Illinois statute, rights do not become vested until either the money is paid or the land is occupied, after the amount of compensation has been determined. *City of Bloomington* v. *Miller*, 84 Ill. 622; *City of Chicago* v. *Barbian*, 80 id. 482; *Railroad Co.* v. *Hopkins*, 90 id. 316; *Schreiber* v. *Railroad Co.* 115 id. 340; *Railroad Co.* v. *Railroad Co.* 66 id. 177; *South Park* v. *Dunlevy*, 91 id. 49.

The alleged trespass upon the land, if committed, was an act for which the law gave a remedy. *South Park* v. *Dunlevy*, 91 Ill. 49; *Railroad Co.* v. *Winslow*, 66 id. 222; *Railroad Co.* v. *Goodman*, 111 id. 282.

Mr. Joseph N. Barker, and Mr. Richard S. Thompson, for the appellee:

Neither of the amendments which the petitioner asked leave of the court to make, was "necessary to a fair trial," or "final determination of the questions involved" in this proceeding. Rev. Stat. chap. 47, sec. 5.

While the court has power to permit amendments, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment, the court may also, in the exercise of a sound discretion, deny motions to amend, when they are simply intended for delay, vexation and injustice. Rev. Stat. chap. 7, sec. 1.

The company having filed its petition and made appellee defendant, and pending the petition having taken possession of the land, and a cross-petition having been filed by the owner, can not retain such possession and dismiss its petition. *Railroad Co.* v. *Hopkins*, 90 Ill. 316.

The railroad company having filed its petition to condemn, and made the appellee a defendant, as an owner of the land sought to be taken, and pending such proceeding entered upon the land, can not deny the right of appellee to have his compensation awarded. *Railway Co.* v. *Teters*, 68 Ill. 144; *Mount Sterling* v. *Givens*, 17 id. 255.

The owner can have no security for the payment of his damages, other than in the land itself.  There is nothing to indicate that this particular railroad company has any financial responsibility, and an owner will not be compelled to depend upon the uncertain and doubtful change of being able to enforce a judgment against such corporations.  *Hall* v. *People ex rel.* 57 Ill. 307; *Walther* v. *Warner*, 25 Mo. 283.

Mr. Justice Craig delivered the opinion of the Court:

This was a proceeding in the county court of Cook county, instituted by the Chicago, St. Louis and Western Railroad Company, to condemn certain lands for right of way.  The petition was filed on the 30th day of September, 1882, and William B. Gates, with others, was made a defendant to the petition.  Among the lands sought to be condemned was a strip sixty-six feet wide, over and across a part of the west half of the south-west quarter of section 35, township 39, range 13, in Cook county, lying north of the Illinois and Michigan Canal.  This tract was owned by Gates, and he appeared, and filed a cross-petition, in which he alleged that the taking of the strip would damage the rest of the land, and he prayed that such damages might be ascertained.  The damages sustained to lands belonging to other parties embraced in the petition seem to have been adjusted, and they are not involved in this record, but no action seems to have been had in regard to Gates' land until May, 1886, when the petition was set down for trial on the 14th day of June, following.  On June 14, the trial was postponed until June 29, when it was again postponed until July 6.  On the day named, the petitioner appeared, and filed a motion, in writing, requesting that George H. Ward and Mary A. Ward be made parties to the proceeding.  The court denied the motion, and the decision is relied upon as error.

There is no doubt but it is the duty of the court to allow amendments in a proceeding of this character, when amend-

ments may be necessary to bring all parties before the court who may have an interest in the premises sought to be condemned. But the petitioner did not show that the Wards had any interest in the property, and the proof heard by the court on the question was ample to establish the fact that they had no interest. Under such circumstances, the court very properly refused to delay a trial of the cause to enable persons having no interest in the premises to be made parties to the proceeding. Amendments are not made, as a matter of course, on the eve of a trial, on the motion of a party. If they were, the trial of a cause might be delayed almost indefinitely. Here, the case had been pending several years, and if the Wards had an interest in the property, the petitioner had ample time, before the cause was set for trial, to ascertain that fact and bring them into court.

When the cause was called for trial, and before a jury was impaneled, the petitioner entered a motion to dismiss the entire proceeding. This motion was overruled by the court, and petitioner excepted. In actions at law, the general rule is, that a plaintiff may, if he desires, dismiss his action at any time before a trial. We are aware of but one exception to this rule, and that is, where a plea of set-off is interposed to an action on a contract. In such a case, section 31 of the Practice act forbids a dismissal by the plaintiff. That section of the statute, however, has no bearing on a case of this character. It appears from the record, that after the petition was filed, the petitioner, without the consent of Gates, the owner of the premises, took possession of the property described in the petition, and was in possession at the time the motion to dismiss was made and decided, and it is claimed that the railroad company can not hold possession of the property, and refuse to go on with the proceeding to condemn. It is a plain proposition that the railroad company had no right to the possession of the property until the damages for taking had been assessed and paid, and when it went into

the possession it was a trespasser, and the owner, Gates, had a right to bring ejectment or trespass, or both, and recover his property, and such damages as he may have sustained by the unlawful act of the petitioner. But we are unable to see how the unlawful act of the petitioner would deprive it of the right to dismiss its suit to condemn, if it saw proper to pursue that course. The law affords the land owner a complete remedy to regain his property, at any time he may see proper to invoke its aid. Importance seems to be attached to the fact that the land owner had filed a cross-petition to recover damages to property not actually taken. But the cross-petition must fall with the petition. The statute has made no provision that a petition shall not be dismissed where a cross-petition has been filed, and in the absence of a statute, we are aware of no authority for establishing a rule of that character. Had the rights of the parties,—the petitioner and the land owner,—become fixed by the proceedings which had been instituted, a different question might arise; but such was not the case. The filing of the petition conferred no rights in the land sought to be taken, on the railroad company, except the bare right to proceed and condemn. The taking possession conferred no rights, as that was a mere trespass; nor did the land owner acquire any vested right in what had been done, which would entitle him to compel petitioner to proceed with the petition and assess the damages, if the petitioner saw proper to abandon the proceeding.

In *Schreiber* v. *Chicago and Evanston Railroad Co.* 115 Ill. 340, we had occasion to consider the relative rights of the parties in a proceeding of this character, and we there held, until the compensation awarded the owner of property sought to be appropriated to public use is actually paid, the petitioner has no right to enter upon the premises, and the land owner has no right to the compensation. Until this is done, the party seeking condemnation may abandon the location and select another. Until paid, the owner may do any act

with his property he pleases, not materially affecting the proceeding and object sought to be accomplished thereby. If the land owner had no vested right in the proceeding when the motion was made to dismiss, as it seems clear he had not, then it follows that the petitioner had the right, if he saw proper, to abandon the condemnation of the property and dismiss the proceeding.

As the court erred in denying the motion to dismiss, the judgment will be reversed, and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE MAGRUDER: I do not concur in this opinion.