D. M. Osborne & Co. *v.* Missouri Pac. Ry. Co.

(*Circuit Court, E. D. Missouri, E. D.* May 26, 1888.)

EMINENT DOMAIN—RIGHTS OF ABUTTERS—INJUNCTION.

Equity will not entertain a bill of an abutting proprietor to enjoin a railroad company from operating its trains over a track laid in a public street under legislative authority, on the ground that he has not been compensated for the incidental damages, where complainant's property has not been actually taken, and he has made no effort to arrest the work, nor given notice that he claims damages, until after the track has been laid, though the constitution of the state (Const. Mo. art. 2, § 21) requires compensation in advance for the taking or damaging of property for public use. In such case he must be left to his remedy at law.

In Equity. Bill for injunction. On demurrer and exceptions to amended answer.

*Mills & Flitcraft,* for complainant.

*T. J. Portis* and *Bennett Pike,* for defendant.

THAYER, J. For the purposes of this decision I shall assume (without examining the question fully) that the damages described in the bill of complaint are of the kind contemplated by that clause of the constitution of the state of Missouri which prohibits property from being taken or damaged for public use without just compensation first ascertained and paid. Article 2, § 21. It may be further conceded as an elementary proposition that if defendant has damaged complainant's property in the sense of the constitution, (article 2, § 21, *supra,*) it cannot justify its act either at law or in equity under a municipal ordinance or under an act of the legislature. In Missouri, however, for many years railroad companies have been authorized by a general law to use the streets of cities or villages for the purpose of laying their tracks, provided they are granted such privilege by the municipality. *Vide* section 765, Rev. St. Mo. 1379. That portion of the answer in this case that is demurred to alleges that the city of St. Louis had passed an ordinance permitting the defendant to lay a side track along Gratiot street for a certain distance, and furthermore that, acting under the ordinance in question, it had actually laid its track along the street in question before complainant filed its bill in this case to restrain it from so doing. The question that arises on the demurrer therefore is, whether a court of equity will entertain a bill at the suit of an abutting proprietor to enjoin a railroad company from operating its trains over a track laid in a public street under legislative authority, in a case where none of complainant's property has been taken and the complainant has taken no action to arrest the work, and so far as appears has given no notice that damages will be claimed, until after the track is completed and the road is in operation or ready for operation? As I had occasion to suggest, when this case was formerly before me on a motion to strike out parts of the answer, other courts have decided this question in the negative under statutes substantially the same as that which is in force in Missouri, holding in effect that in such cases the com-

plainant's remedy is by an action at law to recover damages, and not by bill for injunction. *Stetson* v. *Railroad Co.*, 75 Ill. 74, referred to and explained in *Rigney* v. *Chicago*, 102 Ill. 79; *Hutton* v. *Railway Co.*, 7 Hare, 259; *Lister* v. *Lobley*, 7 Adol. & E. 124. If there are any decisions to the contrary on this point, complainant's counsel do not seem to have discovered them, as none are cited.

An attempt is made to draw a distinction between the constitutions of Missouri and Illinois, and to found an argument thereon, in that the constitution of Missouri expressly requires compensation to be paid in advance of the taking of private property, whereas the constitution of Illinois contains no such express provision. The distinction, however, has no significance, as the courts of Illinois have held that the constitution of that state requires compensation to be made before any property is taken, so that the constitutions of the two states are essentially the same in that respect. *Phillips* v. *Commissioners*, 119 Ill. 627, 10 N. E. Rep. 230; *Railroad Co.* v. *Gates*, 120 Ill. 86, 11 N E. Rep. 527. The fact that the constitution of the state requires compensation to be made in advance of the actual taking of property does not appear to me to have much bearing on the point to be determined on this demurrer. The question at issue is whether a complainant, who claims damages resulting incidentally to his property from the laying of a railroad track in a public street under a legislative and municipal license, can wait until the work is done, and then enjoin its operation, although none of his property is actually taken, or whether he should in such case be left to his remedy at law for the damage inflicted? Unless the wrong-doer is insolvent, or unless some other cause exists to render the legal remedy of no avail, it appears to me that on general principles he should be left to his legal remedy, and it was so held in the cases first above cited. The rule does not deprive the complainant of the protection intended to be afforded by the constitution, nor does it work any hardship. It simply requires the complainant to be diligent in applying for such relief as equity may afford. It must not be forgotten that the constitution does not prohibit property from being taken or damaged for public use. It provides simply that compensation must be made for property so taken or damaged. Complainant is not in the attitude of one who has a right to say that in no event shall the street in front of his property be occupied by railroad tracks. If the state and municipality authorize such use (as they have done in this case) it must submit to the inconvenience. It is entitled to insist on compensation for the damage done, (which is generally held to be the deterioration in the value of the property,) but as those damages can be assessed by a jury, and the remedy at law is adequate, there seems to be no occasion to apply for injunctive relief, and no propriety in granting such relief after the work is done and the road is in operation or is ready for operation. I shall overrule the demurrer and the exceptions, holding that the matters pleaded in the answer at least show that complainant is not entitled to equitable relief.