OF THE

## STATE OF IOWA

AT

## DES MOINES, MAY AND SEPTEMBER TERMS, 1910.

AND IN THE SIXTY-FOURTH YEAR OF THE STATE.

T. E. Ford and J. E. Ford, under the firm name and style of Ford Brothers, Appellants, v. Board of Park Commissioners of the City of Des Moines, Iowa, Appellees.

Board of park commissioners: EMINENT DOMAIN: ABANDONMENT OF PROCEEDING: DAMAGES. A board of park commissioners has power to condemn property for public purposes under the law relating to the taking of property for public improvement, is an instrumentality of government, and in the absence of statute is not liable in damages to private individuals for an exercise or non-exercise of its powers, as for the abandonment of condemnation proceedings, not unreasonably delayed, whether acting negligently or maliciously. But under the express provision of our statute relating to condemnation proceedings and providing that if a corporation declines to take the property and pay the damages awarded on final determination of the proceeding, it shall pay in addition to the costs and damages suffered reasonable attorney's fees,

damages may be recovered by the land owner on the abandonment of condemnation proceedings instituted by the board of park commissioners against his land.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

THURSDAY, JUNE 16, 1910.

ACTION at law to recover damages growing out of the conduct of the defendant in the matter of condemning plaintiff's property for the purposes of a public park. Defendant demurred to plaintiff's petition as amended, and its demurrer was sustained. Plaintiffs appeal.—*Reversed.*

*John McLennan,* for appellants.

*J. M. Parsons* and *Eskill Carlson,* for appellee.

DEEMER, C. J.—Defendant was the board of park commissioners of the city of Des Moines, and it is charged that in the month of May, 1905, it caused a notice to be served upon plaintiffs and others that said board required for park purposes certain property belonging to plaintiffs; that at this time plaintiffs were the owners and were erecting on said premises a building intended for a laundry and had leased said building then in the course of erection and to be erected to the Troy Laundry Company; that appraisers were appointed and they on the 29th day of May, 1905, assessed the damages and value of plaintiff's property at $6,000; that on the 26th day of June, 1905, plaintiffs and appellants appealed to the district court of Polk County, Iowa, from the findings of said appraisers, and that thereafter and on the 17th day of August, 1905, defendant board withdrew its petition to condemn the lands in question and so notified plaintiffs. Plaintiffs further alleged that between the month of May, 1905, and the 17th day of

August, the same year, the plaintiffs ceased to further construct said building, and did so under the belief that defendant would take said premises for park purposes, and that said Troy Laundry Company was so notified and was required and did secure another location by means of which plaintiffs lost a tenant at the yearly rental of $600 per annum, and that, after the withdrawal of defendant's petition to condemn said premises, plaintiffs, who had planned said building and partially constructed the same for such purposes, and after they had lost their tenant, were compelled to remodel said structure for another purpose than originally intended and to their great loss and damage.

Defendant demurred to the pleadings reciting these facts upon the following grounds:

That the defendant, board of park commissioners, is a municipal agency of the city of Des Moines by and through which the said city exercises certain of its governmental functions, and the said board is not subject to any liability arising out of or in consequence of the exercise by it of governmental functions authorized by law, and that in instituting and carrying on and in the abandonment of said condemnation proceedings it acted in the manner and under authority conferred by law. (2) The said action is to recover damages for the doing of an act authorized and permitted by law and in the manner authorized by law, and its acts were not unlawful.

This demurrer having been sustained, the case was appealed to this court, and the questions presented for our consideration are: Do the facts admitted by the demurrer constitute a cause of action in plaintiffs' favor for substantial damages? At the time the acts complained of were committed, the Legislature of the state had enacted the following provisions with reference to the powers and duties of park commissioners:

It may acquire real estate within the city for park

purposes, by donation, purchase or condemnation, and take the title to the members thereof as a board and their successors in office in trust for the public, and hold the same exempt from taxation. It may sell or exchange any real estate acquired by it which shall be found unfit or not desirable for such purposes; shall keep a record of all transactions, and have exclusive control of all the parks and pleasure grounds acquired by it, and of any other ground owned by the city and set apart for like purposes; and may make contracts, sue and be sued, but shall incur no indebtedness in excess of the amount of taxes already levied and available for the payment thereof, except bonds hereby authorized. Code, section 853.

If said board and the owners of any property desired by it for park purposes can not agree as to the price to be paid therefor, it may cause the same to be condemned in the manner provided for taking land for city purposes. Code, section 858.

Cities and towns shall have power to purchase or provide for the condemnation of, pay for out of the general fund, enter upon and take, any lands, within or without the territorial limits of such city or town, for the following purposes: (1) For parks, commons, cemeteries, crematories or hospital grounds: . . . (3) For any other purposes provided in this title, and in all cases where such purchase or condemnation is now or may hereafter be authorized. Code, section 880.

Proceedings for condemnation of land as contemplated in this title shall be in accordance with the provisions relating to taking private property for works of internal improvement except that the jurors shall have the additional qualification of being freeholders of the city or town. Code, section 884.

The amount of damages shall be ascertained and entered of record, and if no money has been paid or deposited with the sheriff, the corporation shall pay the amount so ascertained, or deposit the same with the sheriff, before entering upon the premises. Should the corporation decline to take the property and pay the damages awarded on final determination of the appeal, then it shall pay, in addition to the costs and damages suffered by the landowner, reasonable attorney's fees, to be taxed by the court. Code, section 2011.

From these statutes, it will be observed that the board of park commissioners is a corporation or quasi corporation having power to contract, to sue and to be sued, and to condemn property for public purposes. In performing its duties by condemnation, it is required to proceed under the law relating to the taking of property for works of public improvement. Now, there is no claim made in the petition of any trespass upon plaintiff's property, nor could there well be against the defendant as a public corporation. The action was evidently brought upon the theory that the abandonment of the proceedings under the facts alleged constituted an actionable wrong, or that the defendant through its members acted wantonly, maliciously, and without right. It is alleged in the petition that defendant, assuming to act with authority of law, but in truth and in fact contriving and intending to injure plaintiffs in the free enjoyment of their property, caused a notice to be served, etc.;

That said board of park commissioners were not and did not act in good faith in the manner of the condemnation and proceedings affecting said property, but that said proceedings were instituted by it in pursuance of and in furtherance of a plan and scheme conceived prior to the service of the notice 'Exhibit A'; that said proceedings were instituted by the defendant with the principal object in view, to obstruct, hinder, delay, prejudice, and injure these plaintiffs, and to deprive and prevent them from making certain improvements, and perfecting certain contemplated plans looking to the use of said property, and to hinder, obstruct, and deprive these plaintiffs in the free exercise and enjoyment of their property in this, to wit: That it became known in a general way that plaintiff's plans and uses of said property above described or some part of the same contemplated causing a laundry to be operated and conducted in one of the buildings situated on said real estate, and that said real estate lies adjacent to several churches and buildings dedicated to religious worship, and that by reason of influence exercised by those

interested on the individuals composing the board of park commissioners or some of them said defendant board of park commissioners was prompted, prevailed upon, and induced to institute said condemnation proceedings so that those desiring said premises for laundry purposes would be (and were) obliged to look elsewhere for suitable quarters in which to conduct and operate said laundry, and thereby then and there to deprive these plaintiffs of the free exercise and enjoyment of their said property and the loss of rents and profits which said property would otherwise earn; that these plaintiffs charge the fact to be that the said board of park commissioners did not desire or require said premises or any part thereof for park purposes, but that in truth and in fact in causing condemnation proceedings to be instituted said board was actuated by the desire to assist and help others as hereinbefore stated who were unreasonably apprehensive that the use of said property for laundry purposes or some part thereof might prove obnoxious in the neighborhood.

It was alleged that plaintiffs had been put to expense for attorneys and counsel fees in the matter of the appeal, and damages in the aggregate in the sum of $5,000 was asked.

The prceedings were commenced on May 18, 1905, and were abandoned on the 14th day of August of the same year after an appeal to the district court but before any hearing was held in that court. This delay was not so long as that any one would be justified in holding it unreasonable; and, in the absence of such a showing, it is generally held in the absence of statute that no action lies for the abandonment of *ad quod damnum* proceedings. *Chicago, St. L. & W. R. R. Co. v. Gates,* 120 Ill. 86 (11 N. E. 527); *Burlington & M. R. Co. v. Sater,* 1 Iowa, 421; *Hunting v. Curtis,* 10 Iowa, 152; *Hastings v. B. & M. R. R.,* 38 Iowa, 316; *Corbin v. Railroad,* 66 Iowa, 73; *Gear v. Dubuque & S. C. R. R.,* 20 Iowa, 523; *Nelson v. Goodykoontz,* 47 Iowa, 32. There are quite a number of cases from other jurisdictions which seem to hold that, if the

abandonment is delayed an unreasonable length of time, an action for damages will lie. *Vide, McLaughlin v. Municipality,* 5 La. Ann. 504; *Norris v. Mayor,* 44 Md. 599; *Mayor v. Musgrave,* 48 Md. 272 (30 Am. Rep. 458); *Black v. Mayor,* 50 Md. 235, (33 Am. Dec. 320); *Major v. Black,* 56 Md. 333; *Leisse v. St. L. & I. R. R.,* 72 Mo. 561. But see in this connection, *Whyte v. City,* 22 Mo. App. 409; *Van Valkenburgh v. Milwaukee,* 43 Wis. 574. Apparently, *contra, Feiten v. Milwaukee,* 47 Wis. 494-499 (2 N. W. 1148). Perhaps as many, if not more, of the courts, have reached an opposite conclusion. See *Martin v. Mayor,* 1 Hill (N. Y.) 545; *Bergman v. St. P., S. & T. R. R.,* 21 Minn. 533; *Stevens v. Danbury,* 53 Conn. 9 (22 Atl. 1071); *Carson v. City of Hartford,* 48 Conn. 68. To meet this situation, statutes have been passed in many states giving a right of action, as in Massachusetts and Minnesota. These have been construed in *Drury v. Boston,* 101 Mass. 439; *Whitney v. Lynn,* 122 Mass. 338; *Minnesota & N. W. R. R., v. Woodworth,* 32 Minn. 452 (21 N. W. 476).

We have heretofore in many of the cases followed the rule of nonliability in the absence of statute as will be observed from the opinions already cited. Of course, an action of trespass will lie if the facts pleaded constitute such a wrong; but there is no claim made in the petition of any such actionable wrong. If plaintiffs are entitled to recover them, it is because of the fact that the members of the board were actuated by bad faith and proceeded with the malicious or wrongful intent of injuring the plaintiffs, or because plaintiffs are entitled to recover damages under section 2011 of the Code, hitherto quoted. The individual members of the board were not made parties to this action, and their liability is not before us for determination. The board as such, was an instrumentality of government, having such powers and such only as were granted or necessarily implied, and it was not liable in damages to

private individuals for the exercise or nonexercise of its powers so granted. *McFadden v. Town,* 119 Iowa, 321; *Lahner v. Williams,* 112 Iowa, 428; *Packard v. Voltz,* 94 Iowa, 277. As defendant was purely a governmental agency vested, among other things, with judicial and legislative powers which it could exercise at its discretion, the doctrine of nonliability exists in the absence of statute, for nonuser or misuser of its powers or for the acts of its officers or agents through which such governmental functions are performed and as the doctrine of *respondeat superior* does not apply to such cases the board is not liable for the torts or wrongs of its agents whether done negligently or maliciously. See cases heretofore cited from this state, and *Caldwell v. Boone,* 51 Iowa, 687; *Saunders v. Ft. Madison,* 111 Iowa, 102; *Ogg v. Lansing,* 35 Iowa, 495; *Elmore v. Drainage Com.,* 135 Ill. 269 (25 N. E. 1010, 25 Am. St. Rep. 363). The reasons given for these rules are well understood, and need not be repeated here. Whether or not the individual members of the board might have been held liable is a question with which we have nothing to do at this time.

The final question then is the liability of the board under section 2011 of the Code. The latter part of that section provides that, if the corporation fails to take the property and pay the damages awarded on the appeal, it shall pay in addition to the costs and damages actually suffered by the landowner reasonable attorney's fees to be taxed by the court. This provision was added by the Legislature passing the Code of 1897, and does not seem to have been heretofore considered by this court. That it has reference to an abandonment of the proceedings is manifest, but it is not so clear as to what is meant by the term costs and damages actually suffered by the landowner and reasonable attorney's fees to be taxed by the court. It seems to us, however, that this statute was intended to cover a case of abandonment such as is now presented, and that it follows

to some extent at least the statutes of Massachusetts and Minnesota to which reference has heretofore been made. It is to save to the owner his costs and actual damages when the proceedings are abandoned and to give him attorney's fees necessarily expended in securing his compensation for the land and protecting his rights. These attorney's fees are to be fixed by the court; but they are nevertheless a part of his damages. With the measure of plaintiff's damage we have no present concern, although, if that point be reached, it will be difficult of solution. Defendant makes no claim that the damages are remote, contingent, speculative, or merely nominal. Its sole contention is that there is no liability whatever, and, were it not for the amendment to section 2011 of the Code, we should be compelled to agree with it. But as that section clearly imposes a liability and the question of the amount and character of damages is not before us, and is not argued, we must assume that some of the substantial damages claimed are recoverable. The cases from Massachusetts and Minnesota throw light upon this question, and lend support to the conclusion reached that there is liability on the part of the defendant for the actual damages suffered by plaintiff as well as reasonable attorney's fees.

That being true, the judgment of the trial court must be, and it is, *reversed.*