## MARY E. McROSTIE v. CITY OF OWATONNA.[1]

April 28, 1922.

No. 22,697.

Eminent domain—abandonment by city—no interference with possession of owner.

1. When the charter permits a city to abandon a proceeding instituted by it to acquire private property for a public street, it may do so, within the time prescribed, without incurring liability to the owner for his voluntary acts in changing the conditions of the premises by the removal of buildings thereon after the award of the commissioners is filed and prior to the abandonment of the proceeding. Where there has been such abandonment the possession and right of possession of

[1]Reported in 188 N. W. 52.

the owner has never been interfered with. The mere entry to make and mark a proper survey, doing no other injury to the property, does not give a cause of action.

**City charter construed.**

2. The defendant's charter permits abandonment upon payment to the owner of "all costs and disbursements." It is *held* that this means taxable costs and disbursements are to be allowed in the proceeding and not by separate action.

Action in the district court for Steele county to recover $2,400. The facts are given at the beginning of the opinion. Defendant's motion for an order directing judgment on the pleadings to be entered in its favor was granted by Childress, J. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Leach & Leach*, for appellant.

*W. F. Sawyer*, City Attorney, for respondent.


HOLT, J.

There was a judgment rendered on the pleadings for defendant and plaintiff appeals.

The facts are these: Plaintiff was the owner of a small strip of land in the city of Owatonna upon which was a barn of the alleged value of $2,500. Defendant by a proceeding in eminent domain, as authorized by its charter undertook to acquire this strip and some other property, owned by different parties, for a public street. The award of damages by commissioners duly appointed was confirmed by the city council. Plaintiff and the other parties interested appealed to the district court. Plaintiff's appeal is still pending. One of the others was tried and a verdict returned. Thereupon, and within the time fixed by the charter, the city council passed a resolution wholly abandoning the proceeding. Chapter 7, § 10, of the city charter provides:

"The city council [shall] have the right at any time during the pendency of any proceedings for the improvements authorized in this chapter, or at any time within thirty (30) days after the final

order of the court, on any appeal from such proceedings, to abandon all such proceedings whenever it shall deem it for the interest of the city so to do, upon payment of all costs and disbursements of the adverse party."

Plaintiff alleges that the city directed her to remove the barn; that she did so, and the salvage was of the value of $400 only; that the reasonable value of her attorney's fees in the condemnation proceeding was $200 and that her expenses in the matter were $100; and she asks a recovery of $2,400. There is an allegation in the complaint that the city took possession of the premises, but it was conceded on the argument to mean no more than the placing of stakes by the surveyor where the proposed street was to be. It was also admitted that the only foundation for the allegation that defendant directed the removal of the barn is that the commissioners in their report awarding damages inserted this: "Damages, $250.00, moving buildings off proposed street."

Merely entering land proposed to be taken under the right of eminent domain and marking it with stakes, doing no other injury to the land or any structure thereon, does not give rise to a cause of action for even nominal damages. Private ownership of land is always subject to be taken for public use under the right of eminent domain. The exercise of this right is granted defendant by its charter. The right cannot well be exercised without locating, in advance of the awarding of damages and assessment of benefits, the land to be taken. This necessitates an entry to make and mark a survey thereof. The right to make such survey is impliedly conferred by the law which grants the municipality the power of eminent domain, hence, as to injuries to the freehold flowing from a proper survey, the rule damnum absque injuria applies. And, when the same law gives the right to abandon the proceeding, it must also follow that there can be no recovery for such unavoidable and necessary acts as have been done upon the land in order to acquire it under the right of eminent domain. In Pittsburgh's Petition, 243 Pa. St. 392, 90 Atl. 329, 52 L. R. A. (N. S.) 262, there was an abandonment under a statute so permitting and providing: "But all costs upon any proceeding had thereon shall be paid by said muni-

cipal corporation together with any actual damage, loss or injury sustained by reason of such proceedings." The court held [p. 399] that, except as the city "had actually and permanently appropriated the land, it could, without liability for damages, rescind its action and abandon its proceeding." It was further said: "Nothing can be more consonant with reason and justice, or more essential to the peace of society, than the universally recognized principle of law which exempts from liability for loss or damage incidentally resulting from the proper exercise of a legal right. Here the city, in proceeding to condemn appellant's property for public use, was exercising a right conferred by statute."

Plaintiff of her own volition tore down the barn. The city cannot be charged with being the cause of any loss or damage on that score merely from the fact that the commissioners, apparently without authority, inserted the words above quoted in their report, for, instead of considering the action of the commissioners a direction to which she should conform, she appealed therefrom. But, beyond that, plaintiff must be held to know that the law gave the city the privilege to abandon the proceeding, and if, prior to expiration thereof, she undertook to change the condition of her premises to her damage, she has only herself to blame. True, when the proceeding has been completed and the time for abandonment ends, the title passes to the party exercising the right of eminent domain as of the time when the original award was filed, so that the right of possession from then on is considered as not in the original owner. Ford Motor Co. v. City of Minneapolis, 143 Minn. 392, 173 N. W. 713. But it follows that where there is abandonment title never passes and the owner's possession has at no time been constructively, or otherwise, taken from him by the proceeding so as to give a cause of action for damages on account of the interference with such ownership or right of possession by the party invoking the right of eminent domain.

It is claimed that the complaint states a good cause of action for attorneys' fees and expenses. The charter gives the city the privilege to abandon the proceeding "upon payment of all costs and disbursements of the adverse party." Apart from a statute so author-

izing, a direct action does not lie to recover expenses incurred by the owner in protecting his interests in a condemnation proceeding where it has been abandoned pursuant to a statutory permission. Bergman v. St. Paul, S. & T. F. R. Co. 21 Minn. 533. The statute was amended (chapter 36, p. 160, Laws 1874), after the proceeding in that case was abandoned but prior to the decision therein, so as to read practically the same as section 5410, G. S. 1913, which concludes: "And when the proceeding is so dismissed, or the same is discontinued by the petitioner, the owner may recover from the petitioner reasonable costs and expenses, including fees of counsel."

In Minneapolis & N. W. R. Co. v. Woodworth, 32 Minn. 452, 21 N. W. 476, it was held that a motion for attorneys' fees under section 31, c. 34, G. S. 1878, could not be coupled with a motion to enter judgment for damages for failure to pay the amount of the award in a condemnation proceeding under the provision of section 29, said chapter, as amended by chapter 57, p, 73, Laws 1881, reading: "if such award, when no appeal is taken, is not paid within sixty (60) days after the filing of said award, or in case an appeal is taken, within sixty (60) days after the entry of final judgment, the proceedings shall be deemed to be abandoned by the party instituting the same, and the person in whose favor the award was made may have judgment against the corporation instituting the proceeding for damages, to be computed upon the award at the rate of ten (10) per cent from the date of the filing the award to the date of entering judgment." The court refrained from deciding whether attorneys' fees were recoverable, but, as said, held such fees could not be included in the judgment for the damages the statute permitted in case of abandonment.

We think the procedure indicated by that decision should not be adhered to. It would lead to needless and frivolous litigation if, on the abandonment of a proceeding in eminent domain, every one who is entitled to costs and disbursements must proceed to recover the same by an independent action. Such a proceeding on appeal, if not before, is in the district court, and every one entitled to costs or disbursements, whether on the award or abandonment, should be permitted to have them taxed and allowed in the proceeding. In

case the abandonment occurs prior to appeal, the city council might fix and allow the costs or disbursements the charter provides as a condition to the exercise of the right to abandon. Some city charters, as that of the city of Minneapolis, have no provision for payment of costs on abandonment of the proceeding. We are aware that there are decisions to the contrary holding that, where expenses and attorneys' fees are by statute awarded in proceedings of this sort, the owner to recover the same must resort to an independent action. Ford v. Board of Park Comm. 148 Iowa, 1, 126 N. W. 1030, Ann. Cas. 1912B, 940, and St. Louis & Gulf Ry. Co. v. Cape Girardeau & T. B. T. Ry. Co. 126 Mo. App. 272, 102 S. W. 1042. But we deem the practice herein indicated preferable as being more direct, speedy and economical to all parties.

It is also noted that, while the general law in relation to the exercise of the right of eminent domain expressly includes attorneys' fees to the landowner in case of the abandonment of the proceeding, defendant's charter provision does not include the same, but provides only for "all costs and disbursements." As said in Pittsburgh's Petition, 243 Pa. St. 397, with reference to the word "costs" in a similar statute: "The word 'costs' as used in this connection has a fixed and definite meaning, viz, costs authorized by statutes," and the court approved the conclusion of the trier that the act "had in contemplation only such costs as may be legally taxed in the ordinary action, and not those expenses which a party to the cause may have incurred." We think that applies to the charter provision of defendant. That would exclude counsel fee and nontaxable expenses such as time spent by the owner and the like. The argument which in Schmoll v. Lucht, 106 Minn. 188, 118 N. W. 555, led the court to allow attorney's fees in the foreclosure of mechanics' lien under the wording of the 1905 revision of a prior statute is not applicable here, for the general law expressly names such fees, while the charter provision is silent. It cannot be claimed that the two mean the same thing, because, in the chapter relating to eminent domain of our code, exemption is made of city charter provisions (section 5395, G. S. 1913).

Our conclusion is that the judgment should be affirmed.