# REPORTS OF CASES

## DETERMINED IN

# THE SUPREME COURT

## OF THE

# STATE OF UTAH.

## McCREADY v. RIO GRANDE WESTERN RY. CO.

No. 1625. Decided November 21, 1905 (83 Pac. 331).

1. DISMISSAL AND NONSUIT—VOLUNTARY—AUTHORITY OF PLAINTIFF. Under Revised Statutes 1898, section 3181, providing that an action may be dismissed by plaintiff at any time before trial, if a counterclaim has not been made or affirmative relief sought by the answer, a plaintiff in condemnation proceedings, in which no counterclaim is made or affirmative relief asked for by the owner, is entitled as of course to dismiss the cause pending the selection of the jury.

2. COSTS—STATUTES—CONSTRUCTION.—The word "costs," as used in Revised Statutes 1898, section 3181, authorizing plaintiff to dismiss an action on the payment of costs; in section 3190, providing that, on the dismissal of an action within the jurisdiction of the court, judgment for costs must be rendered, and in section 3605, declaring that in condemnation suits costs may be allowed, etc., in the discretion of the court—includes only the costs that are taxable under the statute in an action or proceding.[1]

3. EMINENT DOMAIN—COSTS IN PROCEEDINGS TO CONDEMN LAND.— Under Revised Statutes 1898, section 3606, providing that the provisions of the Code relative to civil actions shall be applicable to proceedings to condemn land, the rule governing the allowance and taxation of costs in civil actions must control in proceedings to condemn land.

[1] Davidson v. Munsey, 29 Utah 181, 80 Pac. 743.

30 Utah—1 (1)

4. SAME—DISMISSAL OF PROCEEDING—LIABILITY FOR EXPENSES IN-
CURRED.—A railway company, dismissing in good faith its pro-
ceeding to condemn land for railway purposes pending the se-
lection of the jury for the trial of the cause, is not liable to the
landowner for the expenses incurred in preparing his defense
which cannot be taxed as costs.

APPEAL from District Court, Salt Lake County; C. W.
Morse, Judge.

Action by John McCready against the Rio Grande Wes-
tern Railway Company. From a judgment for defendant,
plaintiff appeals.

AFFIRMED.

*A. N. Cherry* and *Patterson & Moyer* for appellants.

*Sutherland, Van Cott & Allison* for respondents.

APPELLANT'S POINTS.

In proceedings to condemn land for railroad purposes
where plaintiff abandons the action and dismisses the suit,
defendant is entitled to recover costs and expenses incurred
by reason of the proceedings. (Lewis on Eminent Domain,
1449 et seq.; *North Mo. Ry. v. Lackland,* 25 Mo. 515; *Leisse
et al. v. St. Louis Ry. Co.,* 2 Mo. App. 105, 72 Mo. 561; *Gib-
son v. Mo. Pac. Ry. Co.,* 40 Mo. App. 146; *Lahse v. Ry. Co.,*
44 Mo. App. 645; *Sampson v. Kansas City,* 20 S. W.
38; *Rogers v. St. Charles,* 3 Mo. App. 41; *St. Louis Ry. Co.
v. Southern Ry. Co.,* 39 S. W. 471; *Williams v. New Orleans
Ry. Co.,* 60 Miss. 689; *Van Valkenbarger v. Milwaukee,* 43
Wis. 579; *In re Waverly Water Works Co.,* 85 N. Y. 479;
*Bergman v. St. P. Ry. Co.,* 21 Minn. 533; *Andrus v. Bay
Creek Ry. Co.,* 60 N. J. Law 10.)

RESPONDENT'S POINTS.

The dismissal of a condemnation suit gives the landowner
no right of indemnity for expenses incurred in defending the
same. (*Andrus v. Bay Creek Ry. Co.,* 60 N. J. L. 10; *Stev-
ens v. Borough of Danbury,* 53 Conn. 9; *Feiter v. Milwaukee,*

# ERRATA.

The fourth syllabus at top of page 2 is erroneous as it now stands and should read as follows:

4. SAME—DISMISSAL OF PROCEEDING—LIABILITY FOR EXPENSES IN-CURRED.—A railway company, dismissing an action or proceeding commenced in good faith to condemn land for railway purposes pending the selection of the jury for the trial of the cause, is not liable to the landowner for the expenses incurred in preparing his defense which cannot be taxed as costs.

On page 5, *infra*, the ninth line from the bottom of the page should read:

tion, where, as in this case, there is no allegation in

47 Wis. 494; *Bergman v. St. Paul Ry. Co.,* 21 Minn. 533; *San Jose R. R. Co. v. Mayne,* 83 Cal. 566; *United States v. Dickson,* 127 Fed. 774, 7 Ency. Pl. & Pr., 686; *Owensboro R. R. Co. v. Gray,* 14 Ky. Law 79.)

The dismissal of a condemnation suit raises no presumption that it was instituted maliciously or in bad faith, or that there was an unreasonable delay in abandoning the same. Such facts must be alleged and proved. (*Carson v. Hartford,* 48 Conn. 68; *Simpson v. Kansas City,* supra; *Andrus v. Bay Creek Ry.,* supra; *Bergman v. Railway Co.,* supra; *Stevens v. Danbury,* supra.

### STATEMENT OF FACTS.

On October 17, 1903, the Rio Grande Western Railway Company commenced an action in the Third district court against John McCready to condemn a portion of block 136, plat A, Salt Lake City survey, for railway purposes. The complaint was in the usual form, and, among other things, alleged that the land therein described and belonging to McCready was necessary for railway purposes. On May 31, 1904, said cause was called for trial and the impaneling of a jury proceeded with, which occupied the entire day. On June 1, the second day of the trial, and before the jury had been fully selected, counsel for the railway company, in open court and without assigning any reason therefor, made a motion asking for a dismissal of the action. The court granted the motion, and the action was thereupon dismissed. On the 21st day of June, 1904, McCready commenced an action against the Rio Grande Western Railway Company to recover for certain costs and expenses incurred by him in the preparation of his defense in said cause, such as attorney's fees, expert witness fees, and his own personal expenses and loss of time, which were not taxable as costs under the statutory fee bill. The complaint, among other things, alleges that the suit—condemnation proceedings referred to—had been commenced, and recited the successive steps that were taken in the cause up to and including the dismissal of the action, but contains no allegation of malice or bad faith on the part of the railway company in instituting the suit, or of any unreasonable delay on the part of said company in the dismissal of the case. To this complaint the railway company interposed a de-

murrer, and alleged as grounds that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court and plaintiff given permission to amend, but he declined to do so, and elected to stand on his complaint, whereupon the court ordered that a judgment of dismissal be entered in favor of the defendant railway company and for its taxable costs incurred in the action, which was accordingly done. To reverse this judgment plaintiff has appealed to this court.

McCARTY, J., after making the foregoing statement of the case, delivered the opinion of the court.

The decisive question presented by this appeal is whether a party who in good faith commences an action under the eminent domain act to condemn land is liable, upon a dismissal of the suit by such party, to the owner of the land for the expenses he was put to in employing counsel, hiring expert witnesses, and his own loss of time and expenditures made in the defense of such suit; that is, such expenditures as a party may be put to in preparing his defense that cannot be taxed as costs in the action.

Section 3181, Revised Statutes Utah 1898, so far as material in this case, provides as follows:

"An action may be dismissed or a judgment of nonsuit entered in the following cases: (1) By the plaintiff himself at any time before trial upon the payment of costs, if a counterclaim has not been made, or affirmative relief sought by the answer of the defendant. . . . By the court, when upon the trial and before the final submission of the case the plaintiff abandons it."

Section 3190 provides that:

"Upon the dismissal or disposition of an action in which the court has jurisdiction of the subject-matter of the action, it is the duty of the court to render judgment for costs."

In the condemnation suit under consideration no counterclaim was made or affirmative relief asked for by defendant. Therefore the plaintiff in that case, under the foregoing provisions of the statutes, was entitled as of course to have the case dismissed.

And section 3605 provides that in condemnation suits.

"Costs may be allowed or not, and, if allowed, may be apportioned between the parties on the same or adverse sides, in the discretion of the court."

The term "costs," as used in the foregoing provisions of the statutes, refers to and includes only the costs that are taxable in an action or proceeding; that is, such costs and fees as are fixed and regulated by statute. (*Davidson v. Munsey*, 29 Utah 181, 80 Pac. 743.)

Section 3606 of the eminent domain act, so far as material here, provides as follows:

"Except as otherwise provided in this chapter the provisions in this Code relative to civil actions . . . shall be applicable to and constitute the rules of practice in the proceedings in this chapter."

It is apparent from the foregoing provisions of the statutes that the same rule governing the allowance and taxation of costs in civil actions generally must control in suits commenced under the eminent domain act. There being no allegation in the complaint in this case of malice or bad faith on the part of defendant in bringing the action, or of delaying for an unreasonable length of time in the dismissal of the same, the underlying principle in the case, as stated by counsel for respondent in their brief:

"Is not merely whether upon the dismissal of a condemnation suit, but upon the dismissal of any case, the plaintiff, no matter how good his motives may have been either in the institution or the dismissal, is bound to indemnify the defendant for expenses incurred in employing counsel, hiring expert witnesses, and for loss of time in consulting his lawyer and preparing his defense."

As such losses and expenditures cannot, under our statutes, be taxed as costs in a case in the first instance, neither can they be made the basis for a recovery in an independent action, especially where, as in this case, there is no allegation in the complaint of malice or bad faith on the part of plaintiff in bringing the suit, or of an unreasonable delay in procuring its dismissal.

Counsel for appellant do not question the general proposition that in civil cases generally the defendant is not entitled, upon a dismissal of a suit brought in good faith, to recover for expenses made by him in preparing his defense which are not taxable as costs in the case; but they contend that in emi-

nent domain proceedings to condemn land, because the plaintiff is given the right to acquire the title and possession of land without the owner's consent, a different rule should govern, and, in addition to the expenditures which the landowner is permitted to tax as costs upon a dismissal of the action, he should be permitted to recover for whatever other damages or losses he may have sustained by the institution of the suit. We know of no reason—and certainly none has been suggested or pointed out—why the exception contended for should be made in this class of cases. For aught that appears in the record, the defendant acted in perfect good faith in bringing its suit to condemn. And, so long as it acted in good faith, it cannot be held to be guilty of a legal wrong, as suits of this character are expressly authorized by the laws of this state, and, if the defendant in that case necessarily incurred expenses in that case in preparing his defense that were not taxable as costs in the action, it is a case of *damnum absque injuria,* for which no recovery can be had.

This same question has been before the courts of other states and, except in those jurisdictions where there are special statutes giving the courts discretionary powers in the allowance and taxation of costs in this kind of cases, they have almost uniformly held that only such costs as are taxable in civil actions generally can be collected by the landowners. In *Andrus v. Bay Creek Railway Co.,* 60 N. J. Law 10, 36 Atl. 826, the plaintiff brought suit to recover counsel fees and other expenses incurred by him in defending a suit to condemn his land, which was dismissed before the commissioners had made their report assessing the damages. A demurrer to the declaration was sustained, and the plaintiff appealed, and the Supreme Court, in the course of the opinion, say:

"At the argument the court intimated with some emphasis that the demurrer should be sustained, and subsequent reflection has served only to intensify that conviction. The difficulty with the case as laid is that it exhibits a loss to the plaintiff produced by entirely legal conduct on the part of the defendant. It is a clear case of *damnum absque injuria.* There was no legal wrong done to the plaintiff by the institution of this procedure nor by its discontinuance. In all this there was no abuse of legal process. That such an action will not lie in such a condition of the facts has always been the doctrine of the courts of this state. Over eighty years ago it was so declared, after full examination of the authorities."

In *Bergman v. St. Paul Ry. Co.,* 21 Minn. 533, the facts were substantially the same as in the case at bar, and the Supreme Court, in affirming the judgment of the lower court sustaining a demurrer to complaint, say:

"If the plaintiff is entitled to recover, it must be by virtue of some contract, express or implied, or of some positive rule of law conferring upon him a right of action, or upon the ground that defendant has been guilty of tort. Certainly there is no contract here, nor is there any positive rule of law upon which plaintiff can base a right of action. Neither is there anything in the complaint tending to show any tortious or malicious conduct on the part of the defendant. On the contrary, defendant's proceedings are expressly admitted to have been duly and regularly taken as provided by law, and there is nothing whatever to raise a suspicion that defendant's motive or purpose in instituting, conducting, or dismissing the proceedings was not entirely proper. In other words, the complaint does not set up a cause of action in tort, nor assume to do so." (*Feiten* v. *City of Wilwaukee,* 47 Wis. 494, 2 N. W. 1148; *San Jose Rd. Co.* v. *Wayne,* 83 Cal. 566, 23 Pac. 522; *U. S.* v. *Dickson* (C. C.), 127 Fed. 774; *Mayor of Baltimore* v. *Musgrave,* 48 Md. 272, 30 Am. Rep. 456; 7 Enc. Pl. & Pr., 686; 15 Cyc. 973.)

The judgment of the trial court is affirmed, with costs.