KANAKANUI et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 6, 1917.)

No. 2935.

1. EMINENT DOMAIN ⬄246(2)—"TAKING" OF PROPERTY—ABANDONMENT OF PROCEEDING.

The institution and prosecution by the United States of a proceeding for the condemnation of property is not a "taking" of the property, and the proceeding may be abandoned at any time.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Taking.]

2. EMINENT DOMAIN ⬄122—COMPENSATION FOR PROPERTY TAKEN—"JUST COMPENSATION."

"Just compensation" means the full equivalent for the property taken.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Just Compensation.]

3. EMINENT DOMAIN ⬄167(1)—CONDEMNATION PROCEEDINGS BY UNITED STATES—CONFORMITY TO LOCAL LAWS.

The provision of Act Aug. 18, 1890, c. 797, § 1, 26 Stat. 316 (Comp. St. 1916, § 6911), that proceedings for the condemnation of property for military purposes shall be prosecuted in accordance with the laws of the states wherein they are instituted, applies only to matters of procedure.

4. EMINENT DOMAIN ⬄246(4)—CONDEMNATION PROCEEDINGS BY UNITED STATES—EFFECT OF ABANDONMENT.

Rev. Laws Hawaii 1905, § 505, providing that, unless an award of damages made in condemnation proceedings shall be paid within two years, the defendant shall be entitled to recover his costs, reasonable expenses, and damages sustained, does not apply to a proceeding by the United States to condemn property for a public use, and any expense or damages sustained by the defendant in such case, where the proceeding is abandoned, is damnum absque injuria.

In Error to the District Court of the United States for the Territory of Hawaii; Chas. F. Clemons, Judge.

Action by S. M. Kanakanui, William R. Castle, and William R. Castle, as trustee for S. M. Kanakanui, against the United States. Judgment for the United States, and plaintiffs bring error. Affirmed.

The court below sustained a demurrer to the complaint of the plaintiffs in error in an action which they brought against the United States, in which it was alleged that in a prior action between the same parties the United States had sought to condemn, for the erection of a military post and fortification, a tract of land consisting of 4.3 acres, together with water, riparian, and fish-

⬄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing rights, belonging to the plaintiffs in this action; that in said condemnation suit it was finally decreed that, upon payment into the registry of the court of the sum of $5,000, all the right, title, and interest of the owners of said property should vest absolutely in the United States; that said money has not been paid, or any part thereof; that two years have elapsed since final judgment; that all the rights of the United States in the judgment have been lost to it; that at no time during said two years following said final judgment did the United States notify the plaintiffs, or either of them, that it did not claim under said judgment, "but at all times did suffer said judgment to remain, and did claim under the same"; that the plaintiffs paid the sum of $1,100 attorney's fees in the preparation of their defense to said condemnation suit and the trial thereof, and the further sum of $64.85 for witness fees, and other expenses, all of which were reasonably incurred; and that they were damaged in the sum of $5,000 for the loss of the use of said property. For these sums, and for interest, the plaintiffs demanded judgment under the provisions of Act March 3, 1887 (24 Stat. 505, c. 359), known as the Tucker Act, and under the provisions of section 505 of the Revised Laws of Hawaii of 1905, which provides as follows: "The plaintiff must within two years after final judgment pay the amount assessed as compensation or damages; and upon failure so to do all rights which may have been obtained by such judgment shall be lost to the plaintiff; and if such payment shall be delayed more than thirty days after final judgment, then interest shall be added at the rate of seven per cent. per annum. Such payment shall be made to the clerk of the court rendering the judgment, who shall distribute the same in accordance with the order of the court. If the plaintiff shall fail to make such payment as aforesaid, the defendant shall be entitled to recover his costs of court, reasonable expenses and such damage as may have been sustained by him by reason of the bringing of the action."

David L. Withington, of Honolulu, T. H. (William R. Castle, W. A. Greenwell, and Alfred L. Castle, all of Honolulu, T. H., of counsel), for plaintiffs in error.

John W. Preston, U. S. Atty., and Ed. F. Jared, Asst. U. S. Atty., both of San Francisco, Cal., and S. C. Huber, U. S. Atty., of Honolulu, T. H.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] The only limitation upon the power of the United States to exercise the right of eminent domain is that just compensation shall be made for property taken. Just compensation means the full equivalent for the property taken. Monongahela Navigation Co. v. United States, 148 U. S. 312, 326, 13 Sup. Ct. 622, 37 L. Ed. 463. By the terms of the judgment of condemnation as it is here pleaded, and by the rule sustained by the weight of authority, there was no taking of the property which was sought to be condemned. Lewis on Eminent Domain, (3d Ed.) § 655. The United States had the right to and did abandon the proceeding. The complaint in the present action clearly shows that the plaintiffs suffered substantial damage by reason of the action of the defendant, and it must be conceded that the statute of Hawaii is just and equitable, in that it permits recovery for such damages.

[3] The question here, however, is whether the United States has subjected itself to liability under that statute. Congress might have enacted that the condemnation suit be conducted according to common law, or by a procedure wholly irrespective of that of the territory of

Hawaii. By the act of August 18, 1890 (26 Stat. 316), Congress made the general provision under which the condemnation suit was brought, which was that condemnation shall be conducted in accordance with the laws relating to suits for the condemnation of property of the states wherein the proceedings may be instituted. By virtue of that statute the federal courts are required to follow the local practice, pleadings, forms, and proceedings so enjoined. They are not required to observe any provision concerning any matter of substance prescribed in the local procedure. Such is the doctrine of the decisions wherever the question has arisen. Thus Judge Wallace held that the requirements of a local statute that there must first be a reasonable attempt to acquire the land by purchase is a matter of substance, and not of form, practice, or pleading, and need not be regarded by a federal court. In re Secretary of Treasury (C. C.) 45 Fed. 396, 11 L. R. A. 275. In that case it was said:

"The right of eminent domain may be exercised by the general government within the several states without their permission, and cannot be trammeled by any obnoxious restrictions by state laws, and, in the absence of regulation by Congress, may be asserted by any method to obtain lands for public use which was recognized as appropriate when the federal Constitution was adopted."

So in High Bridge Lumber Co. v. United States, 69 Fed. 320, 16 C. C. A. 460, Judge Lurton said:

"It is not to be conceived that Congress intended that a legislative requirement, giving to an owner consequential damages when his land was sought to be appropriated by a railroad company, should have application when the United States undertakes to condemn land necessary for the improvement of navigation."

In Carlisle v. Cooper, 64 Fed. 472, 12 C. C. A. 235, the court held that condemnation procedure prescribed by Act Aug. 1, 1888, c. 728, 25 Stat. 357 (Comp. St. 1916, §§ 6909, 6910), added nothing to Conformity Act June 1, 1872, c. 255, 17 Stat. 196, and said:

"It has never been supposed that the act of June 1, 1872, was intended as a consent by Congress to waive the immunity of the government from judgments for damages or costs. * * * Congress could not have supposed that its remedial legislation would permit judgments against the government for damages or costs."

In Luxton v. North River Bridge Co., 147 U. S. 337, 13 Sup. Ct. 356, 37 L. Ed. 194, it was said that the act of June 1, 1872, must—

"give way whenever to adopt state practice would be inconsistent with the terms, and defeat the purpose, or impair the effect, of any legislation of Congress."

In Transportation Co. v. Chicago, 99 U. S. 635, 642, 25 L. Ed. 336, the court said:

"But acts done in the proper exercise of governmental powers, and not directly encroaching upon private property, though their consequences may impair its use, are universally held not to be a taking within the meaning of the constitutional provision. They do not entitle the owner of such property to compensation from the state or its agents, or give him any right of action. This is supported by an immense weight of authority."

[4] The plaintiffs contend that the action is maintainable under the Tucker Act as an action to recover damages in a case "not sounding in tort." It is true that under the allegations of the complaint the case does not sound in tort, for it is not alleged that the condemnation suit was not brought or prosecuted in good faith, and no negligence is imputed to the officers of the government. But the controlling fact is that the claim for damages rests wholly upon a local statute. Such a statute cannot create a liability against the United States. If, as an incident to the right which the United States properly exercised to condemn property to a public use in a proceeding which was subsequently abandoned, the defendants were required to incur expenses, or were incidentally injured, it was a case of damnum absque injuria, and comes within—

"the universally recognized principle of law which exempts from liability for loss or damage incidentally resulting from the proper exercise of a legal right." Ford v. Park Com'rs, 148 Iowa, 1, 126 N. W. 1030, Ann. Cas. 1912B, 940; Petition of Pittsburgh, 243 Pa. 392, 90 Atl. 329, 52 L. R. A. (N. S.) 262; United States v. Dickson (C. C.) 127 Fed. 774; McCready v. Rio Grande Western Ry. Co., 30 Utah, 1, 83 Pac. 331, 8 Ann. Cas. 732.

The judgment is affirmed.