LittletoN, Judge,
dissenting:
Plaintiff sues to recover $160,284.81 as losses and damages sustained, including an amount of $41,400.89 as the value of its leases on certain space in the Bush Terminal buildings from the date of plaintiff’s removal from said premises, January 19, 1919, until the expiration of said leases, August 1, 1921. It also sues for interest upon each item of damage from the date on which it was incurred.
The majority opinion correctly, holds that the United States can not be held! responsible under the acts of March 4 and June 15, 1917, for plaintiff’s damage or loss incident to the lawful exercise by the Government of its right to requisition, or commandeer private property. I am of opinion, however, that plaintiff is not entitled to judgment for any amount as just compensation for the reason that there was no taking of its property.
*586 On June 18, 1918, the defendant placed with the Bush Terminal Buildings Company order N-3255 for delivery to the Navy Department, pursuant to the acts of March 4 and June 15, 1917, of certain described premises in Brooklyn, New York, known as Bush Terminal Model Loft Buildings, Nos. 3, 4, 5, and 6. The plaintiff occupied certain space in buildings 5 and 6 under a lease from the Bush Terminal Buildings Company and a copy of the order was delivered to the plaintiff. Paragraph 3 of the order provided that “It is further understood and agreed that the Navy Department will accept occupancy of all or any part of this space on or before December 1st, 1918, it being the intention of the Navy Department to permit tenants now occupying the space above mentioned to vacate same before December 1st, 1918, or at such earlier date as they may secure other suitable quarters, and that the obligation of the Navy Department for rental of said space, as it may be from time to time vacated, will begin on the date that the space is actually vacated, all space to be vacated before December 1st, 1918.” This order was withdrawn and canceled on September 9, 1918, and the proceedings to take possession of the premises were completely abandoned. At the time of abandonment by the United States of proceedings to take over the premises in question the plaintiff had not vacated the space occupied by it under leases in buildings 5 and 6, nor had it been disturbed in its possession, occupation, and use thereof. It did not vacate the space which it occupied until January 19, 1919, four months after the commandeering proceedings had been withdrawn and abandoned.
The United States did not at any time subsequent to September 9, 1918, issue a requisition order covering the buildings of the Bush Terminal or the space therein occupied by the plaintiff under its four leases expiring August 1, 1921. Nor did the United States at any time enter into actual possession of any of the Bush Terminal buildings, or use or occupy any of the space therein occupied by plaintiff. It is well settled that proceedings to take property for public use, whatever their nature, may be abandoned before consummation, and, if the owner of the property has never been disturbed in his use or possession, he can not, in the absence *587 of some statutory provision, recover damages or losses sustained by him on the ground that he would not have been put to such expense if the proceeding to take the property had not been commenced. A person whose property has been taken in the manner authorized by the acts of March 4 and June 15, 1917, is entitled to sue for just compensation under section 145, Judicial Code, for the property taken, but such acts do not authorize the recovery of damages. Although plaintiff may have sustained some damage in making preparation to comply with the requisition order before it was revoked, the court is without authority to render judgment against the United States therefor. Eminent domain proceedings are from their inception until the taking is completed wholly within the control of the Government and may be withdrawn and abandoned in whole or in part at any time during pendency thereof and before the right to just compensation has become vested. Garrison v. City of New York, 21 Wall. 196; Kanakanui v. United States, 244 Fed. 923; Owen et al. v. United States, 8 Fed. (2d) 992. I think this rule applies to a proceeding to take property by the process of requisition. Marion & Rye Valley Ry. Co. v. United States, 60 C. Cls. 230, 249, 250. Where pursuant to an act of Congress private property is taken for public use by officers of the United States, the owner’s claim is one arising out of implied contract. Phelps v. United States, 274 U. S. 341, 343. The requisition in this case fixed a future date for delivery. It contemplated negotiations with reference to the taking over of the property and the fixing of compensation. Before the arrival of the date on which use and possession were to be delivered the requisition order was withdrawn and canceled. It seems to me therefore, in these circumstances, that there was no implied contract to pay and that the right of the plaintiff to sue for just.compensation had not accrued.
The disadvantages arising from the institution of eminent domain proceedings may be considerable, but they can not be recognized as the subject of an action against the sovereign because of the action of officers authorized to prosecute such proceedings. In the nature of things, Government officials must exercise discretion on the question whether the public *588 shall be finally committed, and, if they conclude to withdraw proceedings to take private property for public use, the court must hold such consequences as are here complained of to be damnum absque injuria.
In Liggett & Myers Tobacco Co. v. United States, 274 U. S. 215, in Duckett & Co., Inc., v. United States, 266 U. S. 149, and in Phelps v. United States, 274 U. S. 341, the United States issued requisition orders for delivery of certain articles and certain properties under which the articles and the properties called for were subsequently delivered. In the Duckett and Phelps eases, as a result of conferences, the properties requisitioned were vacated by the lessees and use and possession were taken by the United States. There was at no time a withdrawal or cancellation of the commandeering proceeding. Those cases are not, therefore, authority for the plaintiff’s claim for judgment in this case.
When the Government issued the requisition order in this case on June 18, Í918, it was only considering the taking of the Bush Terminal buildings, but it did not take. By so considering no new relation between the Government and the plaintiff’s property came into being, for at all times the property of the plaintiff and of every other owner is exposed to the right of the public to take it for public use. By issuing the requisition order and considering the matter, the taking of such property became more probable than before, but it remained only a possibility. Plaintiff’s exclusive possession was not interrupted; its use was made less profitable only by its apprehension lest a possibility might ripen into a certainty.
I am of the opinion that the United States is not liable, as for a taking, for loss suffered through the revocation of the commandeering process where the owner had retained possession of the property and the Government had neither accepted, used, nor injured it. Garrison v. City of New York, supra; Bauman v. Ross, 167 U. S. 548, 598-9; Omnia Commercial Co., Inc., v. United States, 261 U. S. 502, 508-9.
In these circumstances I think the facts in the case should be found by the court and reported to the Senate pursuant to Senate Resolution 170, 67th Congress, 1st session, No *589 vember 9,1921, referring to this court Senate bill 1524, May 3, 1921, for the payment of the claim of plaintiff for “ just compensation and in full settlement and satisfaction of .its damages and loss incurred and suffered by it in complying with U. S. Navy commandeering order N-3255, dated June 18, 1918.” Inasmuch as the bill referred to this court by the Senate Eesolution provided for the payment of damages and loss, as well as just compensation, it may be doubted whether under section 151 of the Judicial Code this court can separate the subject matter of the resolution and allow judgment for just compensation and deny recovery for loss and damage, the latter 'item not being within our general jurisdiction under section 145.