Williams, Judge,
delivered the opinion of the court:
The petition alleges in substance that plaintiff is the owner of a certain lot or tract of land with buildings thereon situated in Highgate, State of Vermont, and located on or contiguous to the international boundary line between the United States and Canada; that in October 1931 plaintiff was requested to submit a proposal for the said lot to the Bureau of Customs, and a proposal was made by letter *411 addressed to tbe Assistant Secretary of the Treasury; that said lot was to be used as a Customs Inspection Station at Swanton, Vermont; that in 1932 Congress appropriated $54,000.00 for the building of an inspection station at the above location; that thereafter the Treasury Department authorized the Attorney General to acquire said lot by condemnation proceedings; that the price of the lot was not agreed upon, and by mutual consent of the parties it was agreed that the Federal Judge appoint three commissioners to set a fair price for the lot; that after hearings upon the matter the Commissioners made an award to petitioner for $27,000.00; that subsequently a judgment and an order for confirmation for said .amount was entered of record, on January 24, 1933, upon the motion of the United States Attorney; that during said period, to wit, October 29, 1931, to January 24, 1933, petitioner was unable to sell, lease, or otherwise dispose of said lot to anyone; that after January 24, 1933, the Court was requested to vacate the judgment entered as aforesaid and the United States “abandoned the site for an inspection station”; that by reason of said action by the United States, which was objected to by plaintiff, the plaintiff has suffered a severe loss. Damages against the United States are prayed in an unnamed sum.
The defendant by the demurrer admits the truth of the facts averred in the petition but says that they do not state a cause of action against the United States within the jurisdiction of the court. We think the demurrer is well taken. It is not alleged that the United States made entry on the property during the period involved, or in any way disturbed the plaintiff in the occupancy of it. The damages claimed arise from the alleged inability of the plaintiff to sell, lease, or otherwise dispose of his lot during the period from October 29, 1931, when the plaintiff was requested to submit a proposal for the sale of the lot to the defendant, until January 24, 1933, or shortly thereafter, when the condemnation proceedings instituted by the Government were abandoned and the judgment theretofore entered making an award to the plaintiff for $27,000 was vacated.
The law is well settled that the United States has the legal right to abandon or dismiss condemnation proceedings *412 at any time before making payment for and taking possession of the property involved in such proceedings. It is also-well settled that where such proceedings are instituted by the United States and subsequently abandoned or dismissed, any damages that might have been sustained by the owner during the pendency of the proceedings are consequential and. are not recoverable in an action against the United States. In Kanakanui et al. v. United States, 244 Fed. 923, the court-said :
The United States had the right to and did abandon the proceeding. The complaint in the present action clearly shows that the plaintiifs suffered substantial damage by reason of the action of the defendant * * *. * * * If, as an incident to the right which the-United States properly exercised to condemn property to a public use in a proceeding which was subsequently abandoned, the defendants were required to incur expenses, or were incidentally injured, it was a case of damnum absegue injuria, and comes within—
“the universally recognized principle of law which exempts from liability for loss or damage incidentally resulting from the proper exercise of a legal right.J 5 ^ ❖
The demurrer is sustained, and accordingly the petition is dismissed. It is so ordered.
Whaley, Judge; LittletoN, Judge; GREEN, Judge; and Booth, Chief Justice, concur.