Williams, Judge,
delivered the opinion of the court:
The petition alleges, in substance, that plaintiff is the. owner of a certain tract of land situated in Harrison County,. Mississippi; that in December 1936, the United States filed suit in the United States District Court for the Southern District of Mississippi to condemn the plaintiff’s land; that pursuant to said condemnation a jury fixed the value of the land at $41,994.45; that the Government declined to pay the award, and the plaintiff, being dissatisfied therewith, perfected an appeal from the award to the United States Circuit Court of Appeals for the Fifth Circuit; that while the appeal was pending the United States decided not to accept the award and thereafter had an order entered in the cause by which it abandoned the condemnation proceedings and had the cause dismissed.
Plaintiff, further alleges that it reasonably expended the sum of $1,769.41 in defense of the condemnation proceedings and that, pursuant to the laws of the State of Mississippi (Code of Miss. 1930, Sec. 1503) and the Conformity Act of August 1, 1888, Title 40, U. S. Code, Sec. 258, it is-entitled to payment therefor.
The defendant filed its demurrer to the foregoing petition on the grounds that the same does not state a cause of action against the United States within the jurisdiction of the court. The demurrer will have to be sustained.
The law has long been well settled that the United States may abandon or dismiss condemnation proceedings at any time before payment for and taking possession of the property. This rule has uniformly been sustained by the courts, both State and Federal, in decisions too numerous for citation here. The defendant in this case therefore acted well, within its rights in dismissing the condemnation proceedings brought by it in the District Court of the State of Mississippi. ,
The question for decision here is whether the United. States is subject to liability for the costs and expenses necessarily incurred by the plaintiff in making its defense in the- *470 condemnation proceedings prior to the dismissal of the suit. Plaintiff contends that the defendant is subject to' such liability by reason of the Conformity Act, Title 40, Section 258, U. S. C. A., and the provisions of Section 1503, Code of Mississippi, 1930. The Conformity Act reads as follows:
The practice, pleadings, forms and modes of proceedings in causes arising under the provisions of section 257 of this title shall conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State within which such district court is held, any rule of the court to the contrary notwithstanding.
Section 1503 of the Mississippi Code relied upon reads:
In case the plaintiff shall fail to pay the damages and costs awarded to the defendant within ninety days from the date of the rendering of the final judgment, if such judgment is not appealed from, or within ninety days after the affirmance of such final judgment on appeal, or in case the suit shall be dismissed by the plaintiff, or the judgment be that the plaintiff is not entitled to a judgment condemning the property, the defendant may recover of the plaintiff in an action brought therefor, all reasonable expenses including attorneys’ fees, incurred by him in defending the suit.
The question presented for decision is not a new one but has been decided by the courts in many cases and so far as we have been able to ascertain always adversely to the contentions made-by the plaintiff. In Carlisle v. Cooper, 64 Fed. 472, the Secretary of the Treasury instituted suit in the Southern District of New York to condemn certain lands pursuant to the act of Congress of August 1, 1888, authorizing such proceedings, and conforming the practice, etc., to that in similar proceedings in the State courts. After trial, appointment of commissioners, and appraisal, it appeared that funds appropriated by Congress were insufficient to pay the award and the suit was thereupon discontinued. The court, following the provisions of the New York condemnation law, awarded costs to the several defendants and an allowance to an attorney appointed to represent defendants not served. The Circuit Court of Appeals held that these allowances for costs were unauthorized since no *471 statute of the United States permitted the rendition of judgments for costs against the United States in such cases. The court said:
It was undoubtedly the purpose of the act of August 1, 1888, to extend to condemnation suits brought by the government the provisions of the act of June 1, 1872 (now section 914, Rev. St. U. S.), which prescribes, in effect, that in civil actions at law the circuit and district courts of the United States are to conform their practice and procedure, as near as may be, to that of the state courts in like causes in the state wherein such circuit or district courts are held. If such suits had been governed by these provisions, the act of August 1, 1888, was wholly unnecessary legislation. The act explicitly extends the provisions of the former act to government condemnation suits, and includes them m the category of causes in which the circuit and district courts of the United States are to conform their practice, as near as may be, to that prescribed for the state courts by the laws of the state in which the suit is brought. As its phraseology is industriously copied from the former act, the same meaning must be given to it. It has never been supposed that the act of June 1, 1872, was intended as a consent by Congress to waive the immunity of the government from judgments for damages or costs. We have not been referred to any adjudication, nor have we found any, in which it has been held to have that effect. It was intended to remedy the inconvenience to the legal profession of having different systems of practice in the federal and the state courts in the same state. Nearly all the states had enacted codes of practice, and the common-law system of pleadings and practice which obtained in the federal courts was obnoxious to the generation of lawyers who had been educated under the codes. The inconven- ■ ience was recognized, and the statute enacted to obviate it. Nudd v. Burrows, 91 U. S. 441. Congress could not have supposed that its remedial legislation would permit judgments against the government for damages or costs. If any such suggestion had been made, it would have been met by the consideration that any attempt, in state codes or practice acts, to accomplish that result, would be nugatory legislation.
The plaintiff says that this case is not applicable to the instant case because it was not a second suit, but was an *472 original suit in which there was no abandonment by the Government but a motion to dismiss. We think that fact is immaterial as the principle involved is the same in either case.
The decision in Carlisle v. Cooper, was approved by the Circuit Court of Appeals for the Ninth Circuit in Kana-Kanui v. United States, 244 Fed. 923. In that case the United States brought suit to condemn, for the erection of a military post and fortification, a tract of land in Hawaii consisting of 4.3 acres, together with water, riparian, and fishing rights, belonging to the owners thereof. In the condemnation proceedings it was decreed that upon payment into the registry of the court of the sum of $5,000, all the right, title, and interest of the owners of the property sought to be condemned should vest in the United States. Section 505 of the Revised Laws of Hawaii of 1905, provided :
The plaintiff must within two years after final judgment pay the amount assessed as compensation or damages; and upon failure so to do all rights which may have been obtained by such judgment shall be lost to the plaintiff; and if such payment shall be delayed more than thirty days after final judgment, then interest shall be added at the rate of seven per cent, per annum. Such payment shall be made to the clerk of the court rendering the judgment, who shall distribute the same in accordance with the order of the court. If the plaintiff shall fail to make such payment as aforesaid, the defendant shall be entitled to recover his costs of court, reasonable expenses and such damages as may have been sustained by him by reason of the bringing of the action.
The United States did not pay the owners of the land the amount awarded them as compensation for their lands within two years of the date of the rendition of the decree, whereupon they instituted suit to recover the costs incurred by them in preparing and making their defense against the condemnation suit, including attorney’s fees, witness fees, and also for damages sustained by them for the loss of the use of their property. In deciding that plaintiffs were not entitled to recover the court said:
*473 By the terms of the judgment of condemnation as it is here pleaded, and by the rule sustained by the weight of authority, there was no taking of the property which was sought to be condemned. Lewis on Eminent Domain, (3d Ed.) § 655. The United States had the right to and did abandon the proceeding. The complaint in the present action clearly shows that the plaintiffs suffered substantial damage by reason of the action of the defendant, and it must be conceded that the statute of Hawaii is just and equitable, in that it permits recovery for such damages.
The question here, however, is whether the United States has subjected itself to liability under that statute. Congress might have enacted that the condemnation suit be conducted according to common law, or by a procedure wholly irrespective of that of the territory of Hawaii. By the act of August 18, 1920 (26 Stat. 316), Congress made the general provision under which the condemnation suit was brought, which was that condemnation shall be conducted in accordance with the laws relating to suits for the condemnation of property of the states wherein the proceedings may be instituted. By virtue of that statute the federal courts are required to follow the local practice, pleadings, forms, and proceedings so enjoined. They are not required to observe any provision concerning any matter of substance prescribed in the local procedure. Such is the doctrine of the decisions wherever the question has arisen.
* * * * *
The plaintiffs contend that the action is maintainable under the Tucker Act as an action to recover damages in a case “not sounding in tort.” It is true that under the allegations of the complaint the case does not sound in tort, for it is not alleged that the condemnation suit was not brought or prosecuted in good faith, and no negligence is imputed to the officers of the government. But the controlling fact is that the claim for damages rests wholly upon a local statute. Such a statute cannot create a liability a'gainst the United States. If, as an incident to the right which the United States properly exercised to condemn property to a public use in a proceeding which was subsequently abandoned, the defendants were required to incur expenses, or were incidentally injured, it was a case of damnum absque injuria * * *.
*474 We think the law applicable to this case is correctly stated in Carlisle v. Cooper, supra, and in Kanakanui v. United States, supra, and that further discussion of the question raised by the demurrer is unnecessary, consequently the defendant’s demurrer is sustained, and the plaintiff’s petition is dismissed.
It is so ordered.
Whaley, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.